# Pitts *v.* Powledge.

### *Bill in Equity to enforce Vendor's Lien on Land.*

1. *Amendment of bill; when allowable.*—Under the broad and liberal statute which requires that "amendments of bills must be allowed, at any time before final decree, by striking out or adding new parties, or to meet any state of evidence which will authorize relief" (Rev. Code, § 3356), the right to amend is absolute, and co-extensive with the defect to be remedied, unless it makes an entirely new case, or causes a radical departure from the original bill, or works an entire change of parties.

2. *Same.*—Where the original bill is filed by the husband alone, and seeks to enforce a vendor's lien on land for the unpaid purchase-money, evidenced by a promissory note payable to the husband; an amended bill may be allowed, joining the wife as a complainant with the husband, and alleging that the land belonged to her statutory separate estate.

3. *What relief may be had under answer, without cross bill.*—When a bill is filed to enforce a vendor's lien for the unpaid purchase-money of land, the court acquires jurisdiction of the entire contract, and may allow an abatement of the purchase-money, on account of the failure of title to a part of the land, without requiring the defendant to file a cross bill.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. N. S. GRAHAM.

The original bill in this case was filed on the 25th March, 1873, by John F. Powledge, against Michael T. Pitts; and sought to enforce a vendor's lien for the unpaid purchase-

money of land. It alleged, that the land was sold by the complainant to the defendant, on or about the 12th August, 1871; that the complainant, at the time the contract was made, "was seized in fee and in possession" of said land; that the defendant was put into possession of the land under the contract, and had paid all of the purchase-money except $500, for which he gave his note to the complainant, which was due and unpaid; and that the complainant had executed to the defendant a bond for titles, conditioned to make good titles when the purchase-money was paid in full. The defendant filed an answer, under oath, admitting that he had purchased a tract of land from the complainant, had been put in possession of it, and had paid all of the purchase-money except the note for $500; but he alleged that a certain forty-acre parcel, which was heavily timbered, and adjacent to his other lands, was pointed out to him by the complainant as a part of the tract, and formed a material inducement to the contract on his part, and that the complainant in fact had no title to this parcel; and he insisted on an abatement of the purchase-money, to the extent of the value of this parcel. He alleged, also, that Mrs. C. A. Powledge, the complainant's wife, was represented by him to be the owner of the land, as her statutory separate estate : and that therefore, in consummating the contract, both she and her husband signed the bond for titles, which was made an exhibit to the answer, and in which the land was thus described: "A certain body of land, supposed to contain two hundred acres, embracing a belt of land running the whole length of the land owned by said M. T. Pitts, and lying immediately north of it; the lines to be designated when deeded" The defendant, in his answer, further alleged, "that he made said purchase from plaintiff and his wife jointly, and not from plaintiff individually, or alone; and he pleads this in opposition to plaintiff's individual bill."

The plaintiff afterwards amended his bill, by changing the description of the land, and describing it by metes and bounds, leaving out the forty-acre parcel; and a second amendment was filed, by leave of the court, after the publication of the testimony, adding the name of Mrs. C. A. Powledge as a party complainant, and alleging that the land belonged to her statutory separate estate. The defendant demurred to the amended bill, on the ground that it was an entire departure from the original bill, and wrought an entire change of parties. The chancellor overruled the demurrer, and allowed the amendment; and on final hearing, on pleadings and proof, rendered a decree for the complainants, for the full amount due on the unpaid note; holding that the

defendant could not claim an abatement of the purchase-money, without filing a cross bill. The overruling of the demurrer, the allowance of the amendment, and the final decree, are now assigned as error.

GEO. W. HOOPER, for appellant.—1. The original bill was in the name of the husband alone, and he was alleged to be the sole party interested in the subject-matter thereof; while, by a series of amendments, it now stands as the suit of the wife alone, and she is the only party interested. Such a radical departure cannot be allowed as an amendment. *Larkins v. Biddle*, 21 Ala. 252; *Winter v. Quarles*, 43 Ala. 692; *Crabb v. Thomas*, 25 Ala. 212. It is at least doubtful whether the husband was a proper party complainant.—Rev. Code, § 2525.

2. The statute expressly authorizes a defendant to incorporate all matters of defense in his answer.—Rev. Code, §§ 3349, 3367. Independent of the statute, he might claim an abatement of the purchase-money, without resorting to a cross bill.—*Goodwin v. McGehee*, 15 Ala. 232; *Bell v. Thompson*, 34 Ala. 633.

J. M. CHILTON, *contra.*—1. The suit was properly brought, in the first instance, in the name of the husband alone, as the note was payable to him, and the legal title was consequently in him; and when the answer set up the interest of the wife, as the equitable owner, it was proper to bring her before the court, in order that the legal and equitable titles might both be concluded. The amendment presents the common case of joining the trustee and *cestui que trust*, which is always allowable in equity.—*Hitchcock v. U. S. Bank*, 7 Ala. 425; *Michan v. Wyatt*, 21 Ala. 827.

2. The proof shows that the defendant got all the land he contracted for; and if there was any deficiency, he cannot claim an abatement of the purchase-money, unless the vendor is shown to be insolvent.—*Bell v. Thompson*, 34 Ala. 633.

BRICKELL, C. J.—The statute of amendments, applicable to pleadings in chancery, is broad and liberal, providing: "Amendments of bills must be allowed, at any time before final decree, by striking out, or adding new parties, or to meet any state of evidence which will authorize relief." R. C. § 3356. Prior to this statute, a suit in equity may have been defeated, on the hearing, for a misjoinder, or a nonjoinder of parties; an amendment after the cause was ripe for hearing, curing the defect, not being matter of right, but resting in the discretion of the chancellor.—*Michan v.*

*Wyatt*, 21 Ala. 813. Any other than mere formal amendments, it was against the practice of the court to allow, after the cause was at issue; and, at no stage of the cause, could an amendment be allowed, which was repugnant to, or inconsistent with the original bill, or which introduced a new case. The consequence was, that a complainant, having a just demand, was often denied relief, because of the insufficient allegations of the bill, or because there was a variance between allegations and proof, discovered too late for curing by amendment, or fatal because the case made by the proof was inconsistent with the averments of the original bill. The purpose of the statute is declared by its own terms— the allowance of amendments meeting "*any state of evidence which will authorize relief.*" The stage of the cause is not material, if it has not passed to final decree. It may have reached issue, the testimony taken and published, and the hearing in progress; until final decree is pronounced, the right to amend is secured. It is not matter of discretion in the chancellor, but of right in the complainant; the chancellor having a discretion only in the imposition of terms, which cannot extend beyond the payment of all costs. If the defect is a misjoinder, it may be cured by striking out the parties improperly joined; if it be a nonjoinder, by adding the parties omitted. Or, if it be in allegations, whether it is the want of proper allegations, or the introduction of allegations variant from, or inconsistent with, or repugnant to the facts found in the evidence, an amendment conforming the allegations to the evidence must be allowed. If there is not an entirely new case made, or a radical departure from the cause of action stated in the original bill, or an entire change of parties wrought, the right to amend is coextensive with the error which may be committed.

2. The cause of action, the subject-matter of suit in the present case, is the contract for the purchase of the lands, and the enforcement of the payment of the purchase-money is the relief sought. The legal title to the promissory note which is unpaid is in the husband. This contract was made with him and the wife; and if it had not been, would have been voidable at the election of either party, if not void. He was, therefore, a necessary party to the bill; and being the trustee of the wife's statutory estate, there is a manifest propriety, in the absence of all interest adverse to the wife, in joining him as a party complainant. The statute (R. C. § 2525), requiring that the wife, when the suit relates to her separate estate, shall sue and be sued alone, refers to suits at law only, and is incapable of application to suits in equity. A court of law is contented, as a general rule, if the parties

having the immediate legal interest are before it, and its judgment will bind and conclude the legal title. A court of equity requires that all persons, having legal or equitable interests involved, shall be made parties, so that its decrees may be safely performed, and future litigation prevented. This case will serve as an illustration. The legal title to the unpaid promissory note resides in the husband, it being payable to him; but it is, nevertheless, a part of the wife's statutory estate, having been given for the purchase-money of her lands. The wife is, therefore, the equitable owner—has the beneficial interest—and the statute (R. C. § 2523) would have required that a suit at law must be in her name only, she being clothed with the capacity of suing alone, by the subsequent section, when the suit relates to her separate estate. In a court of equity, the husband becomes a necessary party, not only because he has the legal title, but because of his relation of trustee to the wife's statutory estate. The amendment introducing the wife as a party complainant with him, did not work an entire change of parties—it was simply, as the statute authorizes, the addition of a new and indispensable party complainant.

True, the original bill proceeds on the ground that the contract of purchase was made with the husband, and that he has the exclusive interest, legal and equitable, in the payment of the purchase-money. The amended bill proceeds on the ground, that the wife has the equitable interest, and that the husband has only the naked legal title to the promissory note, and stands only in the relation of trustee. Yet there is no change of the cause of action—of the subject-matter of suit. That remains as stated in the original bill, and the relief prayed is unchanged; the enforcement of the payment of the purchase-money being the object of the bills, original and amended. The amended bill was not obnoxious to the causes of demurrer, resting on the ground that it made a new case, or produced an entire change of parties.

3. It is true, generally, that a defendant cannot have any positive relief against the complainant, even as to the subject-matter of the suit, except by cross bill.—*Goodwin v. McGehee*, 15 Ala. 232. But we do not think this case falls within the rule. Affirmative relief against the complainants was not sought; there was mere resistance of the decree which was claimed. When the vendor files a bill to enforce the lien for the purchase-money, the court acquires jurisdiction over the whole contract of purchase, and can adjust the recovery of the purchase-money, to meet the rights of each party.—*Bell v. Thompson*, 34 Ala. 633. An abatement of the purchase-money, because of a failure of title to part of the

[Whitehead v. Jones.]

lands, is founded upon the ground that there is a partial failure of consideration; aad is matter in discharge, or reduction of the complainant's demand. It operates to prevent, or reduce the decree, and is proper matter of defense by answer.

But, though the chancellor was in error, in holding the defense, because of an alleged failure of title to a part of the lands could not be made by answer, but was the subject of a cross bill, no injury resulted to the appellant. The defense was not sustained by the evidence, and must have failed, if the chancellor had regarded it as properly interposed. The evidence satisfies us, there was an inadvertent misdescription, in the bond for title, of the southern boundary of the lands. Accuracy of description of the boundaries was not intended, because, as is shown by the bond, a particular designation of them was postponed until the deed should be executed. It is probable the misdescription escaped the observation of the appellant, at the time the bond was drawn and executed. If it did not, he knew then that it would embrace lands which had not been sold to him, and to which his vendors had not, and did not claim title. The lands really purchased are the property of his vendors, and to them, on payment of the purchase-money, he can obtain a good title.

The bill, it may be proper to add, was filed prior to the act of March 4th, 1876, authorizing married women to sue in their own names, and is unaffected by that act.

Let the decree be affirmed.

