# *Ex Parte* Delpey.

### *Mandamus.*

(Decided June 30, 1914.  66 South. 22.)

1. *Equity; Pleading; Amendment; Different Causes.*—The original bill and the amendment offered thereto stated and considered, and it is held that in view of the provisions of section 3126, Code 1907, the Chancellor erred in refusing the amendment, as it did not change the purpose of the original bill, or make a new case.

2. *Same.*—Under the provisions of section 3126, Code 1907, it is not enough that the amendment offered may make a mere inconsistency or repugnancy of allegation, but there must be an inconsistency or repugnancy of the purposes of the bill as contradistinguished from a modification of the relief in order to render the proposed amendment objectionable.

ORIGINAL petition in Supreme Court.

Petition by A. Delpey, Sr., for mandamus directed to Honorable A. H. Benners, as Chancellor, to require him to allow an amendment to a bill filled by the petitioner against the Thompson Realty Company. Writ awarded.

BEDDOW & OBERDORFER, for appellant.   Complainant was entitled to have the amendment to the bill as prayed for, and the chancellor was in error in declining to grant it.—§ 3126, Code 1907; *Pitts v. Powledge,* 56 Ala. 147; *Jones v. Reese,* 65 Ala. 144; *Smith v. Gordon,* 136 Ala. 495; *Gulf C. & C. Co. v. Ala. C. & C. Co.,* 145 Ala. 628; *Bledsoe v. Price,* 132 Ala. 621; *Ala. T. Co. v. Hall,* 152 Ala. 262.   The case of *Smith, Rec. v. Gordon, supra,* is conclusive.

A. & F. B. LATADY, for appellee.   The amendment offered was a departure from the bill, and not allowable. —*Leggett v. Bennett,* 48 Ala. 380; *Penn v. Spence,* 54 Ala. 35; *Winter v. Quarles,* 43 Ala. 693.   Counsel discuss the authorities cited by appellant with the insistence that unless carefully considered, might be held to be authorities supporting petitioner's contention, but when properly differentiated, will be found not to do so.

McCLELLAN, J.—The single question presented by the petition for the writ of mandamus and the answer to the rule nisi is whether the amendment of the original bill, denied allowance by the chancellor, proposed a *departure* from the original bill.   The original bill averred that in 1904 complainant purchased by lease-sale contract a lot, with the improvements thereon; that the contract, exhibited with the bill, was signed "Thompson Realty Company, by J. Cary Thompson, Manager;" that complainant went into possession of the property in 1904, and has been continuously since in possession thereof; that the Thompson Realty Company was a corporation; that in 1909, while complainant was in possession of the house and lot under the lease-sale contract and claiming to own it, Thompson Realty Company mortgaged the premises to Mrs. Sarah E. Nabers,

to secure a loan from her; and that Mrs. Nabers took the mortgage charged with notice of complainant's title and equity by reason of his possession of the premises at the time the mortgage was executed. It was also averred in the original bill that complainant had fully paid all of the purchase price stipulated in the contract, or, if mistaken as to that, that he has paid a sum which entitled him to a warranty deed as provided in the contract; that the Thompson Realty Company has failed and refused to deliver the deed to him, although complainant has been and is ready and willing to execute all notes and mortgages for the balance of the purchase price as provided in the lease-sale contract. In this original bill Thompson Realty Company, a corporation, and Mrs. Nabers are named as the parties defendant. The prayer was that the mortgage be declared a cloud on complainant's title or, in the alternative, that it be made subject to complainant's prior equities. Mrs. Nabers answered the original bill, and among other things asserted that she was not advised of the existence of the Thompson Realty Company, a corporation, and that she did not hold any mortgage from that corporation; but that she had accepted and held a mortgage on the property executed by J. Cary Thompson, and his wife, Mabel B. Thompson, said J. Cary Thompson being the owner thereof.

The proposed amendment, which the chancellor denied, would change the bill so as to strike out the Thompson Realty Company, a corporation, as a party defendant; to make J. Cary Thompson and Mabel B. Thompson parties defendant; to aver that J. Cary Thompson employed the name Thompson Realty Company as a trade-name; and to aver "that heretofore, on, to wit, the 12th day of September, 1912, J. Cary Thompson conveyed the above-described property to his wife,

Mabel B. Thompson, who received said conveyance with full knowledge and notice of the said equities, right and title of your complainant." Under established rules of practice the chancellor erred in refusing to allow the amendment.

Section 3126 of the Code provides: "Amendments to bills must be allowed at any time before final decree, by striking out or adding new parties, or to meet any state of evidence which will authorize relief.  *  *  *"

The only limitation, as at present important is that the amendment shall not effect to make a new case. The statute itself is "broad and liberal," and its administration has been and must continue to be characterized by the same liberal spirit and beneficent purpose that inspired its adoption.—*Pitts v. Powledge,* 56 Ala. 147. In *Ingraham v. Foster,* 31 Ala. 132, it was said: "To make an amendment improper, it is not enough that there be a mere inconsistency, or repugnancy of allegation; there must be an inconsistency or repugnancy of the purposes of the bill, as contradistinguished from a modification of the relief. One of the purposes of a chancery amendment is to correct an erroneous statement of the facts."

This particular pronouncement was reiterated in *Alabama Terminal Co. v. Hall & Farley,* 152 Ala. 269, 44 South. 592. Its doctrine was again expressed in *Fite v. Kennamer,* 90 Ala. 473, 7 South. 920, where it was also pertinently said: "New matter or new claim may be introduced, entitling complainant to additional or different relief from that specially prayed in the original bill, if it is not repugnant to its prayer and purpose."

And it was also there further observed: "Whether the original bill contained equity—whether it presented a case of which the court could take cognizance, en-

titling complainant to relief—is not a material inquiry."

As appears, if the amendment proposed effects no departure from the *purpose* of the original bill, it should be allowed. The amendment here proposed undertook to conform the allegations of *facts* to the facts as the pleader now takes them to exist. The purpose of the original bill was to relieve, to protect, and to vindicate the asserted rights of the complainant in the lot described therein. If the amendment had been allowed, it would have wrought no change from that purpose. Its only effect, as far as the present inquiry is concerned, would be to change the description of the *source* of the complainant's rights in and to the lot, and to change the description of the *source* of the asserted unjustified creation of a cloud upon his rights in said lot. Obviously, such effort at conformation of allegation to fact—plainly unaltering of the purpose for which the original bill was filed—cannot be pronounced such a departure, in any degree, as to justify the disallowance of the amendment proposed.

The writ of mandamus prayed for must therefore be awarded.

Writ awarded.

ANDERSON, C. J., and SAYRE, SOMERVILLE, and DE GRAFFENRIED, JJ., concur.