(104 So. 237)

**GLASS et al. v. STAMPS et al. (1 Div. 367.)**

(Supreme Court of Alabama. April 30, 1925.)

**1. Corporations ⬖320(1) — Stockholder may sue in equity to correct abuses in management.**

Stockholder may sue in equity to correct abuses in corporation management by board of directors, such as improperly increasing their own salaries or appropriating assets in payment of their own liabilities under guise of loan or otherwise.

**2. Corporations ⬖320(2)—Stockholder need not first appeal to governing board to correct mismanagement where clearly futile.**

Stockholders need not first appeal to governing board to redress wrongs of corporate management as condition precedent to equitable relief, where wrongs complained of were those of governing board.

**3. Equity ⬖150(1) — Stockholder's bill for correction of mismanagement not multifarious.**

Stockholder's bill for correction of corporate mismanagement, though wrongs complained of and relief sought was not uniform and identical as between each, *held* not multifarious, in view of Code 1923, § 6526, it being unnecessary that all parties have same or any interest in all matters in controversy, but that each have an interest in some, and that all be connected.

**4. Equity ⬖222—That prayer for relief is broader than bill warrants cannot be raised by demurrer.**

That prayer for relief is broader than warranted by charges in bill is not properly raised by demurrer.

**5. Corporations ⬖320(4)—Stockholder's bill for correction of mismanagement, against directors and other stockholders, not defective for misjoinder of parties.**

Stockholder's bill for correction of mismanagement, brought against other stockholders besides those on board of control, *held* not defective for misjoinder of parties, where each of parties was interested in subject-matter and result, though some might not have been necessary parties.

**6. Equity ⬖219—Bill showing statute of limitations or laches on its face demurrable.**

Bill showing statute of limitation or laches upon its face is demurrable.

**7. Corporations ⬖320(3) — Stockholder's bill for correction of mismanagement not defective as showing laches.**

Stockholder's bill, alleging corporate mismanagement by board of directors in improperly increasing their own salaries and those of confederates, either as directors or officers of corporation, or by appropriating assets to payment of their own liabilities under guise of loans, *held* not to show laches, plaintiffs being still connected with corporation, and wrongs having been continuous from year to year.

**8. Estoppel ⬖108—Estoppel to stockholder's bill for corporate mismanagement is plea of defense and not ground for demurrer.**

That stockholder bringing bill for correction of corporate mismanagement might be estopped by accepting, as heir of an estate, a portion of loan improperly paid estate by corporation, *held* matter of defense and not grounds for demurrer.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Bill in equity by Harry Bell Stamps, Sr., and another against Adam Glass, Jr., and others. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill is filed by Harry Bell Stamps, Sr., and Pauline G. Stamps against Adam Glass, Jr., Ira T. Keeney, Claud Christy, Milton Klein, J. A. Richard, H. J. Musser, Corinne G. Cook, and Adam Glass & Co., Furniture, Inc. It alleges that in 1914 Adam Glass, Sr., incorporated his furniture business, and permitted his employés, Christy, Keeney, Klein, Richard, and Musser, to subscribe for stock and to pay therefor through personal loans made by him to them; that Glass, Sr., Christy and Keeney were elected directors of the corporation, Glass, Sr., being elected president, Keeney, vice president and general manager, and Christy, secretary and treasurer; that after the death of Glass, Sr., some time prior to May, 1915, Adam Glass, Jr., was elected as a director and as president, and the other two officers and directors were re-elected as such, the said board of directors and such officers remaining thence unchanged until the filing of the bill; and that the shares of stock owned by Glass, Sr., passed by his will and by dealings with his personal representative to Glass, Jr., to complainants and to Corinne G. Cook.

It is further alleged that Glass, Jr., Keeney, and Christy, constituting the board of directors of the corporation, have from time to time met and increased their own salaries and the salaries of their alleged confederates, the respondents Klein, Richards, and Musser, to an extravagant amount and to an unjustified extent, their purpose, it is alleged, being thus to absorb the entire profits of the corporation, except such as, in their opinion, would be a fair return to the stockholders upon the amounts actually in-

---

⬖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

vested, rather than what would be a fair return upon the par value of the stock. Further, it is alleged that said directors have passed a resolution authorizing the corporation to assume the several indebtednesses of Keeney, Christy, Klein, Richard, and Musser for the purchase price of their stock in the corporation, due to Glass, Sr., and passing to his estate, to the end, it is alleged, that said respondents might control the time when, if ever, such indebtednesses should be paid. Further, that respondent directors have failed to pay income taxes due by the corporation to the federal government, amounting to some $50,000; that such respondents have devoted funds which should have been applied to the payment of these taxes to their own use in the form or guise of salaries, leaving the corporation without the money to pay such taxes, and making it necessary for the corporation to borrow money for the purpose at the risk of endangering its capital.

The prayer is for an accounting, for an injunction to prevent respondent directors and employés from further paying to themselves unreasonable salaries, and from making further effort to place the payment of their obligations to the estate of Glass, Sr., upon the corporation, and for the appointment of a receiver, and for general relief.

Respondents' separate demurrers to the bill were overruled, and the appeal is from that decree.

Brown & Kohn, of Mobile, for appellants.

A bill is multifarious which unites a joint claim against several defendants and a special claim against one alone, in which the others have no interest. McIntosh v. Alexander, 16 Ala. 87; Colburn v. Broughton, 9 Ala. 351; Kinsey v. Howard, 47 Ala. 236; Junkins v. Lovelace, 72 Ala. 303; East v. East, 80 Ala. 199; West v. West, 90 Ala. 458, 7 So. 830; Siglin v. Smith, 168 Ala. 398, 53 So. 260; Manegold v. Beavan, 189 Ala. 241, 66 So. 448; Zadek v. Merchants' Bank, 204 Ala. 396, 85 So. 552. There is a misjoinder of parties. Authorities supra. Demurrer will lie for laches or statutory limitation appearing on the face of the bill. South v. Pinion, 207 Ala. 122, 92 So. 420; 14 C. J. 938. There is no equity in the bill as to appointment of a receiver. Ala. C. &. C. Co. v. Shackelford, 137 Ala. 224, 34 So. 833, 97 Am. St. Rep. 23.

Harry T. Smith & Caffey, of Mobile, for appellees.

The bill has equity. Decatur M. L. Co. v. Palm, 113 Ala. 531, 21 So. 315, 59 Am. St. Rep. 140; Henry v. Ide, 208 Ala. 33, 93 So. 860; Montgomery Tr. Co. v. Harmon, 140 Ala. 505, 37 So. 371; Donald v. Manufacturers' Exp. Co., 142 Ala. 578, 38 So. 841; Montgomery Co. v. Lahey, 121 Ala. 131, 25 So. 1006; Steiner Bros. v. Lowery & Co., 98 Ala. 211, 13 So. 320. A court of equity may remove directors who are abusing their trust. Roman v. Woolfolk, 98 Ala. 219, 13 So. 212. A bill is not demurrable for praying for relief to which complainant may not be entitled. Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Rosenau v. Powell, 173 Ala. 123, 55 So. 789. A trustee cannot contract with himself in regard to the trust estate. Branch Bank v. Collins, 7 Ala. 95; 4 Fletcher's Corp. §§ 2752, 3995. It is not necessary to make a demand, where it appears it would be futile. Henry v. Ide, supra; Crow v. Florence Co., 143 Ala. 541, 39 So. 401; Ala. F. M. & B. Co. v. Dubberly, 198 Ala. 545, 73 So. 911. The statute of limitations is for six years. Code 1923. §§ 10427, 10428; Martin v. Branch Bank, 31 Ala. 115; M. L. & W. P. Co. v. Lahey, 121 Ala. 137, 25 So. 1006. The bill is not multifarious. Ellis v. Vandergrift, 173 Ala. 142, 55 So. 781; Henry v. Ide, supra; 21 C. J. 423.

ANDERSON, C. J. [1, 2] A court of equity has jurisdiction at the suit of a stockholder to correct abuses in the corporate management by the board of directors, whether by way of improperly increasing their own salaries and those of their confederates, either as directors or as officers of the corporation, or by way of appropriating the assets to the payment of their own liabilities whether under the guise of a loan or otherwise. Decatur Land Co. v. Palm, 113 Ala. 531, 21 So. 315, 59 Am. St. Rep. 140; Henry v. Ide, 208 Ala. 33, 93 So. 860, and cases there cited. Ordinarily, an appeal should first be made to the governing board to redress wrongs to the corporation, but, when the bill, as here, shows that the wrongs complained of are those of said governing board, no such demand or request need be made or shown as a condition precedent to the maintenance of a bill for equitable relief. Henry v. Ide, supra.

[3, 4] We do not think that the bill is multifarious because the wrongs complained of and the relief sought is not uniform and identical as between each respondent. It is not necessary that all the parties have the same or any interest in all the matters in controversy, but that each defendant has an interest in some of them, and that all are connected. Henry v. Ide, supra, and cases there cited. Section 6526 of the Code of 1923. The bill therefore contains equity in the respect as above indicated, and if it be insufficient to warrant relief as to all the matters charged or sought as against each of the respondents, these questions should be tested by a specific and not a general demurrer to the whole bill. Moreover, if the prayer for relief is broader than what the bill establishes or charges, the question is not properly raised by a demurrer. Wilks v. Wilks, 176 Ala. 151, 57 So. 776.

[5] Nor is the bill defective as for a misjoinder of parties. Each of the parties thereto is interested in the subject-matter and result, and at least proper, even if some of them may not be necessary, parties.

[6, 7] It is no doubt true that when a bill shows the statute of limitations or laches upon its face, the question may be raised by a demurrer, but we are not impressed with the soundness of the contention that the present bill discloses laches. Generally, the statute of limitations is applied by way of analogy to suits in equity. Montgomery Co. v. Lahey, 121 Ala. 131, 25 So. 1006; Ellis v. Vandergrift, 173 Ala. 142, 55 So. 781; Keeble v. Jones, 187 Ala. 207, 65 So. 384. These respondents are still connected with the corporations, and the wrongs charged have been continuous from year to year, and, as said in the opinion in the case of Montgomery Co. v. Lahey, 121 Ala. 131, 25 So. 1006:

"As stated above, the wrongful acts complained of in the bill extended through a series of years down to within a short time of the filing of the bill, and even though, some of the acts complained of, having occurred more than six years prior to the commencement of the suit, and therefore barred by the statute, still this would not defeat the complainants in having an accounting on all matters not within the bar of the statute."

[8] We think that the bill negatives the payment of the debt to the Glass estate as assumed by the corporation. Nor does it show that Pauline or Harry Bell Stamps assented to the transaction as to the shifting of the indebtedness to the Glass estate. It does show that Pauline Stamps, as an heir of the Glass estate, accepted her share of the evidence of the debt to the estate from the corporation in lieu of the claim against Keeney et al., and if this was done, with a knowledge of the facts, this might operate as an estoppel; but it should be set up as defensive matter. Jones v. Peebles, 130 Ala. 269, 30 So. 564.

The foregoing opinion and conclusion are not only supported by the cited cases but by many other authorities not mentioned, and, in so far as we are informed, are not in conflict with the great array of cases cited in appellants' brief, and which can well be differentiated upon the facts involved, and a detailed discussion of same would involve unnecessary labor and valuable time without serving any useful purpose.

The trial court did not err in overruling the respondents' demurrers to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.