160 So. 116

### STAMEY et al. v. FORTNER et al.
### 7 Div. 296.

Supreme Court of Alabama.
Feb. 28, 1935.

Rehearing Denied March 28, 1935.

Thos. W. Millican, of Fort Payne, and Hugh A. Locke, of Birmingham, for appellants.

Haralson & Son, of Fort Payne, for appellees.

KNIGHT, Justice.

Bill by Mrs. Tenney Stamey and others, exhibited in the circuit court of DeKalb county, against Wallace Fortner and others. In the bill as originally filed, the complainants sought to have three certain deeds of conveyance, executed by W. H. Fortner, canceled for failure of the grantees to pay certain annual rents, constituting conditions subsequent, and for an accounting.

It appears from the averments of the bill that W. H. Fortner in his lifetime executed

three separate conveyances, one to Wallace Fortner, one to Archibald Fortner, and one to J. W. Fortner. These grantees were sons of the grantor, and separate tracts of land were conveyed to each.

The bill is filed by a daughter, and two of the grandchildren of W. H. Fortner, deceased, the grandchildren being children of a predeceased daughter.

The deeds are made exhibits to the bill.

The bill as originally filed, and as amended on March 21, 1934, and as further amended on May 16, 1934, without reference to any other defects, was clearly multifarious, and subject to respondents' apt ground of demurrer pointing out this defect.

It has been repeatedly held that multifariousness, abstractly, is incapable of an accurate or exact definition, but it is generally understood to include those cases "where a party is brought before the court as a defendant on the record, with a large portion of which, and in the case made by which, he has no connection whatever." Story's Eq. Pl., § 530; Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 571, 573.

However, it is well settled in this jurisdiction that it is not necessary that all the parties to the bill should have an interest in all the matters in controversy, but it is sufficient if each defendant has an interest in some of the matters involved, and they are connected with the others. Henry et al. v. Ide et al., 208 Ala. 33, 93 So. 860; Glass et al. v. Stamps et al., 213 Ala. 95, 104 So. 237; Wilkinson et al. v. Wright, 228 Ala. 243, 153 So. 204.

In the case made by the bill up to its last amendment, there was an attempt to unite in one and the same proceedings three several and wholly disconnected causes of action against three different parties, and as to which there was no sort of community of interest among the defendants. The bill up to its last amendment attempted to adjudicate in one action the title to three separate tracts of land conveyed by a common grantor to three different parties, each party taking by a separate deed a separate parcel of the land, and there is no averment in the bill to show any connection between the parties in the acquisition of the different parcels. There is nothing in the bill to show any concert of action between the defendants in procuring the execution of the conveyances. The bill, certainly up to the time of its last amendment, was multifarious, and to say nothing of other possible defects, the demur-

rer taking the point of multifariousness was properly sustained.

Subsequently, the complainants attempted to further amend the bill by bringing forward an entirely new and inconsistent ground for equitable relief, in fact a new cause of action, wholly variant from the original theory of the bill and repugnant thereto. This new ground of relief was not brought forward by way of a statement of complainant's case in the alternative, but conjointly with the case as attempted to be made by the bill prior to addition of this amendment. This rendered the bill as last amended subject to defendants' demurrer pointing out its inconsistency.

Of course, under our liberal system of pleading, and of amendment, no objection can be taken to a bill which seeks alternative or inconsistent relief growing out of the same subject-matter, or founded on the same contract or transaction, or relating to the same property between the same parties; but here the relief was not sought in the alternative.

This holding is in consonance with what was said in the case of Benton v. Benton, 214 Ala. 321, 107 So. 827, 829, wherein it was observed: "Our statute allows amendments to bills in equity, as a matter of right, 'at any time before final decree, by striking out, or adding new parties, or to meet any state of evidence which will authorize relief.' Code 1923, § 6558. This statute has been given a broad and liberal construction (Ex parte Delpey, 188 Ala. 449, 66 So. 22), but it does not change the general principles of equity which regulated the character of permissible amendments before the enactment of the statute. Rapier v. Gulf City Paper Co., 69 Ala. 476, 481. Hence, the right to amend is not absolute when the amendment makes an entirely new case, or is a radical departure from the cause of action stated in the original bill, or works an entire change of parties. Pitts v. Powledge, 56 Ala. 147."

The bill as last amended was also multifarious and subject to defendants' demurrer on that ground, pretermitting consideration of other grounds of demurrer. There is nothing in this holding which conflicts with our recent case of Lambert v. Anderson, 224 Ala. 110, 139 So. 287. In that case the single purpose of the bill was to collect one debt out of property alleged to have been fraudulently conveyed to defeat the collection of the debt. In such case a unity of fraudulent design is held to permeate the whole transaction so as to impart to the suit a single-

ness of object and purpose. Handley v. Heflin, 84 Ala. 600, 4 So. 725.

It follows that the decree of the circuit court is due to be affirmed, and it is accordingly so ordered.

The complainants are given thirty days within which to amend their bill if they are so advised.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.