# Smith *v.* Brannon.

*Bill in Equity to Invest Legal Title in Complainant.*

1. *Petition for sale of land to pay decedent's debts; sufficient averments.*—A petition by an administrator for an order to sell lands belonging to the estate of his intestate, for the payment of his debts (Code, §§ 2104, 2106), which alleges that "there is no personal property belonging to said estate with which to pay the debts of said decedent, and that it is necessary to sell the said lands to pay the debts of said estate," is sufficient to confer jurisdiction on the Probate Court to decree a sale.

2. *Bill in equity to invest legal title; want of equity.*—Where the averments of a bill, filed to invest the legal title in complainant, on the theory that he claims as the purchaser under a void sale, show that the allegations of the petition for such sale were sufficient to confer jurisdiction to order a sale, the bill is without equity, the said sale having been valid, and having invested the purchaser with the legal title.

APPEAL from Chancery Court of Cleburne.

Heard before Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellee, James F. Brannon, against the appellants, the heirs of A. H. Smith, deceased, and prayed for the divestiture of title to certain property described therein out of the respondents, and the investing of such title into the complainant. The theory of the bill and the facts as disclosed in the record are sufficient-

ly stated in the opinion. The respondents demurred to the bill as several times amended, and assigned in various ways the want of equity in said bill; and also moved to dismiss the bill for the want of equity.

Upon the submission of the cause, upon pleadings and proof, the chancellor overruled the several grounds of demurrer and the motion to dismiss, and in his final decree granted the relief prayed for. The respondents prosecute this appeal, and assign as error the decree overruling their demurrers and motion to dismiss, and the final decree granting complainant the relief asked.

PARSON, PEARCE & KELLY, and WATTS & SON, for appellants.

SMITH & SMITH, *contra*.

McCLELLAN, J.—The theory of the bill of complaint in this case is that the complainant, James F. Brannon, is a sub-purchaser under a void sale of the land in controversy, which belonged originally to A. H. Smith, now deceased, made by the administrator of said Smith in 1872; that the purchaser at that sale, under whom complainant claims, paid the purchase-money in full, that this money was received by the heirs of said Smith, who are defendants to the bill, and appropriated and used by them or for their benefit, and that upon these facts, the complainant is entitled to have the legal title, which the void sale was inoperative to pass, divested out of them and invested in himself. The supposed infirmity of the sale by the administrator of Smith is alleged to lie in the insufficiency of the petition, filed by him in the Probate Court for an order of sale, to confer jurisdiction on that court to make such order. The bill as amended avers the contents of said petition as follows: "The said H. W. Moore, as the administrator of the said A. H. Smith, filed his written application with the Probate Court of Cleburne county [in which the land was situated], alleging that there was no personal property belonging to said estate with which to pay the debts of said decedent, and that it was necessary to sell said lands to pay the debts of said estate." In *Abernathy v. O'Reilly*, 90 Ala. 495, this court held the averments stated above in a petition by an administrator to sell the lands of his intestate to be insufficient to confer jurisdiction on the Probate Court to decree a sale, and, of consequence, that an order made by the court on such a petition and the sale thereunder were absolutely void. Doubtless the present bill was framed with reference

[Black v. Moseley.]

to that decision; and if that case were now the law, the bill would be sustained, at least so far as its equity rests upon the invalidity of the administrator's sale. But the doctrine declared in *Abernathy v. O'Reilly* is not now the law of this State. That case has been directly and expressly overruled, and the law declared to be that an application by an administrator to sell lands belonging to the estate of his intestate, which alleges that there is no personal property or an insufficiency of personal assets, to pay the debts of the decedent, and that a sale of the lands of the estate is necessary to pay said debts, contains the essential jurisdictional allegations as to the existence of debts, the insufficiency of personal assets for their satisfaction, and the necessity for a sale of the lands of the estate to that end, and confers jurisdiction on the court to decree a sale. *Cotton, Admr. v. Holloway*, 96 Ala. 544.

It is manifest, therefore, that upon the averments of this bill the complainant now has what he seeks to acquire through the decree he prays, namely, the legal title to the land in controversy; and it follows of course, that the bill is without equity, and the chancellor erred in overruling the motion of respondents to dismiss it out of court on that ground.

Whether on the facts shown in the record before us equity could be injected into the bill by amendment, it is not necessary or proper for us to decide on this appeal.

The decree of the Chancery Court is reversed and the cause remanded.