# Haynes, *et als. v.* Simpson.

*Statutory Action of Ejectment.*

1. *Estate of decedents; ejectment; failure to make an heir party to a proceeding for sale of land does not vitiate sale.*—The failure of an administrator, who seeks to have the lands of his intestate sold for the payment of the debts of the estate, to make one, who claims to be an heir of the intestate, a party to the proceeding, is but an irregularity, and cannot vitiate the sale or affect the title of the purchaser; and is not available to the heir upon a collateral attack upon the sale.

[Haynes, et als. v. Simpson.]

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. JOHN PELHAM.

This was a statutory action of ejectment, brought by the appellee, Lily Simpson, against the appellants, to recover certain lands specifically described in the complaint. The plaintiff claimed the lands as an heir of John A. Simpson, deceased. The defendants claimed title from the purchaser of the lands at an administrator's sale, which was held in accordance with an order of the probate court of Cleburne county. The administration of the estate of John A. Simpson, deceased, was pending in the probate court of Cleburne county. The administrator of said estate filed his petition therein, asking for the sale of the land involved in this suit for the payment of the debts of the estate. The plaintiff in the present suit was not made a party to this proceeding in the probate court. Testimony was taken as prescribed by the statute, and in all other respects the proceedings were regular, and the order for the sale of the property was regularly made. At this sale, the vendors of the defendants to this suit purchased the property.

The defendants requested the court to give to the jury the general affirmative charge in their favor, and duly excepted to the court's refusal to give said charge as asked. There were verdict and judgment for the plaintiff. The defendants appealed and assigned as error, among other rulings of the court, its refusal to give the general affirmative charge in their favor.

JAMES AIKEN, for appellants.

LAPSLEY & ARNOLD, contra.

ANDERSON, J.—The sale of the land in question in the year 1882, by the administrator, for the payment of the debts of the intestate, J. A. Thompson, under a decree of the probate court, divested the title out of the heirs. The failure to make this plaintiff, who claims to be an heir of J. A. Thompson, a party to the proceeding for the sale of the land, cannot vitiate the sale or affect the title of the purchaser, as it was but an irregularity not available to the plaintiff upon a collateral attack of

[Norwood v. Clem.]

the sale. The record recites a compliance with section 167 of the Code of 1896, as to the taking of the testimony in support of the petition for sale and other jurisdictional facts.—*Goodwin v. Sims,* 86 Ala. 102; *Field v. Goldsby,* 28 Ala. 218; *Bland v. Bowie,* 53 Ala. 152; *Massey v. Smith,* 73 Ala. 174; *Smith v. Brannon,* 99 Ala. 445.

As the defendants hold under the title acquired by the purchaser at the administrator's sale, they were entitled to the general affirmative charge which was requested by them and refused by the trial court.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

McCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.