# Rosebrook *v.* Baker.

*Bill to Quiet Title, and to Enjoin Legal Proceedings.*

(Decided June 6, 1907.   44 So. Rep. 198.)

1. *Quieting Title; Disturbed Possession.*—A bill to quiet title can not be maintained under the statute where there is a disputed or scrambling possession.

2. *Same; Another Suit Pending; Effect.*—A bill to quiet title which alleges the pendency of a forcible entry and unlawful detainer suit, at the suit of respondent against complainant, and which the bill seeks to enjoin pending the determination of the title, cannot be maintained, and is without equity, since by removing the suit pending in the justice court to the circuit court, the title to the land may be tested. Dowdell, J., dissents.

Appeal from DeKalb Chancery Court.

Heard before Hon. W. H. Simpson.

Bill by D. L. Baker against Fred Rosebrook to quiet title. It is alleged in the bill that Fred Rosebrook has

[Rosebrook v. Baker.]

brought an action of forcible entry and unlawful de-
tainer against complainant for the said land in a justice
court in said county, but that said suit was merely for
the possession of said lands, and not to settle the title
to the same, and an injunction was asked for, restraining
the prosecution of the suit until the determination of the
title.    The submission was had on motion to dissolve
the injunction, motion to dismiss the bill for want of
equity, and demurrers to the bill for that it contained
an allegation that there was a suit pending as to the pos-
session of the particular lands, and for multifariousness,
in that it was a bill to quiet title and an injunction to
restrain another suit.   From a decree overruling motion
to dismiss, and demurers, defendant appeals.  Reversed.

BOYKIN & BRINDLEY, for appellant.—The court should
have dissolved the injunction and dismissed the bill.—
*Davis v. Pou,* 108 Ala. 443; Sec. 809 et seq. and 3508,
Code 1896.   The litigation alleged in the bill could have
become one involving the title, by removal to the circuit
court.

HOWARD & HUNT, for appellee.—The merits of the
title is not an issue in forcible entry and detainer.—*Sec.*
2135, Code 1896; *Moye v. Thurber,* 40 South. 822.

DOWDELL, J.—The appeal in this case is prosecuted
from the decree of the chancellor overruling the demur-
rer to the bill, and the motion to dismiss for want of
equity, and the motion to dissolve the temporary injunc-
tion.   The bill purports to be filed under section 809 of
the Code of 1896 to compel determination of a claim to
the land in question and to quiet title, and contains
every averment required by the statute necessary to give
it equity.—*Ward v. Janney,* 104 Ala. 122, 16 South. 73;
*Adler v. Sullivan,* 115 Ala. 582, 22 South. 87; Code 1896,

[Rosebrook v. Baker.]

§ 809. The facts stated in the bill going to show equity are taken as confessed on demurrer and motion to dismiss for want of equity.

The complainant has undertaken to show by averments the source of his title; also, how he came into the possession of the land. Ordinarily such averments are unnecessary, as was said in *Ward's Case* and *Adler's Case, supra.* It is sufficient to aver peaceable possession, actual or constructive, under claim of ownership, and that the complainant's title is denied or disputed, etc., and that no suit is pending to enforce or test the validity of such title. There are cases of ours—*Randle v. Daughdrill,* 142 Ala. 491, 39 South. 162, and cases there cited—which hold that, where there is a disputed or scrambling possession of the land, a bill to quiet title cannot be maintained under the statute. This is unquestionably the law, since, where such a condition exists, the possession cannot be a peaceable one. A peaceable possession under claim of ownership is a necessary averment in the bill under the statute, and a requisite fact to equity jurisdiction. But there is a broad distinction between possession and a right of possession. And this same distinction obtains between a disputed possession and a disputed right of possession. The right of possession may be disputed, and yet the actual possession remain and continue peaceable. The institution of the forcible entry suit admitted the possession. It in no sense disputed the possession, but only the right of possession, See *Allaire v. Ketchum,* 55 N. J. Eq. 168, 35 Atl. 900.

In the present case the averments of the complainant's source of title and the manner in which he was let into possession was, no doubt, for the purpose of repelling any presumption that might otherwise arise of his possession being a tortious one, from the further statement in the bill that the respondent had commenced an action

[Rosebrook v. Baker.]

of forcible entry and unlawful detainer in the justice court against the complainant for the land in question, and which said action the complainant in his bill prays to enjoin. The bill being one under the statute to compel the determination of a claim to land to quiet title, and in this respect containing equity, the injunction sought is incident to the main purpose of the bill. "An injunction may be granted as incidental to relief asked in a case where equity had jurisdiction for some other purpose, even though the law might afford a remedy for the specific injury sought to be prevented by the injunction. Equity, having jurisdiction for one purpose, may dispose of the entire matter in its own way."—22 Cyc. p. 774, § E; Id. p. 790, § F; Id. p. 793, § 8; Id. p. 797; § C; 10 Am. & Eng. Ency. Law (1st Ed.) p. 909; *Va. & Ala. Mining & Mfg. Co. v. Hale & Co.*, 93 Ala. 542, 545, 9 South. 256; *Johnston v. Smith*, 70 Ala. 108, 117; 1 Story's Eq. Jur. § 64 (k). In *Robbins v. Battle House Co.*, 74 Ala. 499, where the reformation of a lease contract was the object of the bill, it was held that a temporary injunction of an unlawful detainer suit was proper. It was said in that case: "The equity, the only equity, of the present bill, is the claim it asserts to have the lease reformed. Injunction of the unlawful detainer suit in the circuit court is necessary to give that relief its proper effect." The unlawful detainer suit was at the time pending in the circuit court on appeal from the justice court.

The statute expressly provides that in actions of forcible entry and unlawful detainer "the estate or merits of the title cannot be inquired into on the trial." Section 213, Code 1896. But it is insisted that under section 2508, c. 97, of the Code, which provides for an unlawful detainer suit in case of a redemptioner, the title may be inquired into. However this may be, and as to

which we make no intimation, it is sufficient to say that it nowhere appears from the bill that the action prayed to be enjoined is an unlawful detainer suit by a redemptioner. The averments of the bill repel any such presumption. The bill avers that the suit prayed to be enjoined is an action of forcible entry and unlawful detainer. If the question of unlawful detainer by a redemptioner is in the case, it does not appear on the face of the pleading, and must therefore be raised otherwise than by demurrer to the bill.

The other Justices are of the opinion, and so hold, that the statement in the bill of the pendency of the forcible entry and unlawful detainer suit deprives the bill of equity, since under the provisions of the statute (sections 2147, 2148, 2149, Code 1896) the defendant in a forcible entry and unlawful detainer suit may remove such suit from the justice court into the circuit court, when and where the title to the land may be tested. The writer dissents from the conclusion of his Brothers for reasons hereinafter given.

That the suit of forcible entry and unlawful detainer pending in the justice court is one in which the title to the land may not be tested none will deny, for it is so written in the statute. Section 2134, Code 1896. That such a suit may be removed on the petition of the defendant from the justice court into the circuit court upon a compliance by him with the conditions and requirements imposed by the statute (sections 2147, 2148, and 2149) does not constitute it a pending suit in the circuit court until such authorized removal has taken place. The right of removal given the defendant in the forcible entry suit is one coupled with conditions. Under section 2147 he must file a sworn petition setting forth certain facts enumerated in the staute. By section 2148 he is required to give a bond, with surety, payable to the plaintiff, "and

[Rosebrook v. Baker.]

conditioned to pay all costs of suit and all damages which may be assessed in the circuit court against the defendant for the rent, or for the use and occupation of said lands, and all other damages which may be assessed against the defendant in the event the plaintiff should recover in said cause." The reqiurement to a removal imposed by the statute is one with which a defendant, even though he desired to avail himself of the right or privilege conferred, might be wholly unable to comply, by reason of his misfortune and no fault of his own, and still he is deprived by the decision of my Brothers of a right conferred by another and independent statute—the right by bill in chancery to test the validity of a reputed title, claim, or incumbrance to the land that he is in peaceable possession of and claims to own. Section 809, under which the present bill is filed, provides: "When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, and his title thereto or to any part thereof, is denied or disputed, or any other person claims or is reputed to own the same, or any part thereof, or any interest therein, or to hold any lien or incumbrance thereon, and no suit is pending to enforce or test the validity of such title, claim or incumbrance, such person so in possession may bring and maintain a suit in equity to settle the title to such lands, and to clear up all doubts or disputes concerning the same." The language of the statute is: "And no suit is pending to enforce or test the validity of such title, claim or incumbrance." It is not that no suit is pending that may be on certain conditions controverted into one to test the title, and to so hold is to import into section 809 a condition that the language and terms of the statute do not in my opinion warrant.

The bill contains every essential averment under the statute to give it equity. In the third paragraph of the

bill it is averred that the respondent "claims or is reputed to claim some right, title, or interest in or incumbrance upon such lands, and that no suit is pending to enforce or test the validity of such title, claim or incumbrance." If it should be conceded that, under the statute (sections 2147, 2148, and 2149) for the removal of the forcible entry suit from the justice court to the circuit court, the defendant in such forcible entry suit, the complainant here. is afforded an opportunity to try the strength of the legal title—and that is the utmost that can be claimed by the plain terms of the statute—it does not follow that the bill is wanting in equity. The statute under which the bill is filed does not limit the right of going into a court of chancery to test the validity of the reputed title, and it is to be remembered that only the le‾gal title is involved in a court of law; but the statute goes further, and provides for the suit in equity, not only to settle the title to such lands, but also, "to clear up all doubts or disputes concerning the same," and to this end to test the validity of the reputed claim or incumbrance. The reputed title, claim or incumbrance may be purely of an equitable character, and in such case it needs no argument to demonstrate that the pendency of the forcible entry and unlawful detainer suit in the justice court, with the statutory right in the defendant of removal of such action into the circuit court, is not the pendency of a suit, within the meaning of section 809, "to enforce or test the validity of such reputed title, claim or incumbrance." More might be said in support of the views here advanced, but to my mind it seems that what I have suggested will serve to demonstrate the fallacy of the conclusion reached by the majority.

It follows, from the conclusion of the majority, that the decree appealed from must be reversed, and one will be here rendered, dismissing the complainant's bill.

[Birmingham Ry. L. & P. Co. v. Moran.]

Reversed and rendered.

TYSON, C. J., and HARALSON, SIMPSON, ANDERSON, DENSON and McCLELLAN, JJ., concur. DOWDELL, J., dissents.