This is a bill of complaint, in equity, filed by the First National Bank of Gadsden, Ala., a corporation, against J. B. Wilson, Viola Wilson, and H. D. Sturkie. The bill avers complainant has a judgment against J. B. Wilson for $2,766.32. The bill seeks to have declared null and void a deed made by J. B. Wilson to his wife, Viola Wilson, conveying 80 acres of land to her, and to have the land sold to pay its judgment, on the ground of fraud, that it was made with the intent to hinder, delay, or defraud his creditors, and is without consideration. The bill also seeks to have declared null and void a mortgage on real and personal property executed by J. B. Wilson and his wife, Viola Wilson, to H. D. Sturkie, and the property sold to satisfy the judgment debt of complainant, on the ground it was made with intent to hinder, delay, or defraud the creditors of J. B. Wilson; and the bill also avers this mortgage constituted a general assignment by which J. B. Wilson conveyed substantially all of his property subject to execution, to secure a prior debt by which a preference or priority of payment is given to H. D. Sturkie over the remaining creditors of J. B. Wilson. And the bill seeks in the alternative to have the mortgage declared a general assignment on the part of J. B. Wilson for the benefit of all of his creditors, and that the property in it be sold for their benefit. The debt of complainant was contracted prior to August 23, 1919, it was reduced to judgment on June 5, 1922, and a certificate of the judgment was issued by the clerk and registered by the probate judge on June 6, 1922, as the statute directs. The deed by J. B. Wilson to Viola Wilson was executed August 23, 1919, and the mortgage by J. B. Wilson and Viola Wilson to H. D. Sturkie was *Page 71 
Sturkie mortgage which is made part of the bill, we will presume, prima facie, that the Federal Land Bank's mortgage is still unpaid; nothing appearing in the bill to the contrary. It appears to be the senior mortgage, a prior lien, on the land described in the Wilson mortgage to Sturkie. The Federal Land Bank is not a party to this suit. The appellant insists it is a necessary party, and points it out by demurrer; and the appellee insists it is at most only a proper party. In Cullum v. Batre, 2 Ala. 420, this court wrote:
"It was competent for the complainant, to have proceeded against the mortgagors, without joining, as a defendant, either a prior, or subsequent, incumbrancer. The rights of the former are paramount, and those of the latter will not be concluded, unless he is made a party. The headnote to Judson v. Emanuel, et al., 1 Ala. Rep. N. S. 598, would indicate a different decision; but, in the case itself, the law is laid down as we have stated it."
This was approved in Walker v. Bank of Mobile, 6 Ala. 460, and in Doe ex dem. v. Magee, 8 Ala. 570. Thus it appears in a bill to foreclose a junior mortgage, a senior mortgagee is a proper but not a necessary party to the cause; he may be made a party to it, but he is not an indispensable party, and, if not made a party, his rights will not be concluded by it. In Hambrick v. Russell, 86 Ala. 199, 202, 5 So. 298, 299, the court wrote:
"In a bill to foreclose a mortgage, the only proper parties are the mortgagor and the mortgagee, and those who have acquired any interest from them subsequent to the mortgage. One who claims title from a stranger, or even from the mortgagor, anterior to the date of the mortgage, should not be brought in as a party defendant. This point was directly decided in Randle v. Boyd, 73 Ala. 282; and has been several times since reaffirmed. McHan v. Ordway, 82 Ala. 463; Lyon v. Powell,78 Ala. 351."
This is not a bill to foreclose a junior mortgage; it is a bill to enforce a judgment lien on land to declare a junior mortgage void for fraud or a general assignment for the benefit of all the creditors of the mortgagor, but the principle above declared applies to this cause. The bill admits there is a senior mortgage on the land, described in the junior mortgage, and the Federal Land Bank is the mortgagee of the senior mortgage. No attack is made in the bill on this mortgage of the Federal Land Bank; it appears to be invalid in no respect. It is admitted in the bill to be a prior subsisting mortgage on the land described in it. No final decree rendered in this cause would affect the rights of the senior mortgagee. This renders the Federal Land Bank, the senior mortgagee, under the averments of the bill, not a necessary, indispensable party to this cause. The grounds of demurrer raising this question were properly overruled by the court. Hambrick v. Russell, 86 Ala. 199,5 So. 298; West v. Henry, 185 Ala. 168, headnote 2,64 So. 75; U.S. Fid. Guar. Co. v. Singleton, 206 Ala. 437,90 So. 296; Cullum v. Batre, 2 Ala. 420.
The demurrers of the respondents to the bill of complaint were properly overruled by the court. The decree is free from error, and it is affirmed.
Affirmed.
ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.