(135 So. 314)

**LEE et al. v. CITY OF BIRMINGHAM.**

**6 Div. 866.**

Supreme Court of Alabama.

June 11, 1931.

See, also, 221 Ala. 419, 128 So. 902.

Chas. W. Greer, of Birmingham, for appellants.

Wilkinson, Burton & Wilkinson, of Birmingham, for appellee.

and therefore gambling devices, are prohibited by those statutes. Loiseau v. State, 114 Ala. 34, 22 So. 138, 62 Am. St. Rep. 84; State v. Shugart, 138 Ala. 86, 92, 93, 35 So. 28, 100 Am. St. Rep. 17.

The city had the undoubted right to enact similar ordinances. Mitchell v. City of Birmingham, 222 Ala. 389, 133 So. 13; Acts 1915, p. 296, § 6; Code, § 1992.

■ Section 2049, Code, enacts that cities may restrain and prohibit gaming, and by ordinance provide for the seizure of gambling instruments on certain conditions. They are also given authority to enjoin and abate public nuisances injurious to health, morals, comfort, or welfare of the people. Sections 2055, 9298.

Places where devices are kept for the purpose of permitting persons to gamble with them are declared by statute to be common nuisances, and may be abated in equity by the state. Section 4281, Code.

It is held by respectable authority that, if a gambling device is prohibited by statute, its operation may be considered a nuisance, and abated upon proper proceedings. 46 Corpus Juris, 707; Stanley-Thompson Liquor Co. v. People, 63 Colo. 456, 168 P. 750; Mullen & Co. v. Moseley, 13 Idaho, 457, 90 P. 986, 12 L. R. A. (N. S.) 394, 121 Am. St. Rep. 277, 13 Ann. Cas. 450; Lang v. Merwin, 99 Me. 486, 59 A. 1021, 105 Am. St. Rep. 293.

It is our opinion that the statutes and principles to which we have referred clearly intend to authorize a proceeding in equity to abate and condemn as contraband machines whose nature is such that they were intended to be and are used as gambling devices or gift enterprises.

■ It may be conceded that the chief of police of the city could set up in defense of the detinue suit the matters alleged in the bill, and thereby defeat a recovery. Stanley-Thompson Liquor Co. v. People, supra.

But the bill has independent equity to the extent that it seeks to declare the gambling devices contraband and abate their use and to have them destroyed, as nuisances in violation of laws and ordinances enacted for the benefit of the morals of the people. With such independent equity, and in order that full relief may be decreed, it is quite appropriate to enjoin the action at law for the recovery of the property. Elliott v. Kyle, 176 Ala. 167, 57 So. 752; Rosebrook v. Baker, 151 Ala. 180, 183, 44 So. 198; 32 Corpus Juris, 63.

■ The question of multifariousness is presented by the demurrer in this case. There are two individuals with no connection in respect to their transactions. Each is alleged to have operated machines alleged to be gambling devices. The machines have different names, are not alleged to have any similarity except that they are both gambling

**FOSTER, J.**

The bill in equity was filed by the city of Birmingham to condemn as contraband certain slot machines alleged to be gambling devices seized by the police department of the city under authority of its ordinances, and for the recovery of which the respondents had begun separate actions at law. The bill alleges that they were kept or operated in violation of Ordinance No. 1104-C of the city of Birmingham. The particular description of the machines is somewhat confused, and does not correspond in some detail with that set out in the ordinance, but they are alleged to be machines operated as gambling devices. The ordinance in question prohibits the operation of "any automatic merchandise or commodity vending or dispensing machine so designed or constructed that there shall be an element of chance," etc.

■ By state law it is made a criminal offense to set up or operate a wheel of fortune, slot machine, or device of chance (section 4248), also any gift enterprise. Section 4247. Slot machines by which goods are distributed in amounts or values determined by chance,

devices. Those of one were seized January 12, 1929, and of the other November 1, 1929. Each defendant has filed a separate suit in detinue for the recovery of his alleged property. The injunction bonds and writs are each separate, as though there was no connection. In fact, no connection is alleged or shown, except that each is charged with operating at a different time and place a nuisance consisting of a machine which is a gambling device. They are both controlled by the same principles of law. But the facts and transactions are not the same, and have no connection with each other. The machines of one may be shown by the proof to constitute a nuisance, and those of the other may not. Each is an entirely separate, distinct transaction between different parties, with no community of interest, except in the legal principles which are applicable. Multifariousness "is described, generally, as the joinder of distinct and independent matters, thereby confounding them, or the uniting in one bill of several matters, perfectly distinct and unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill." Truss v. Miller, 116 Ala. 494, 22 So. 863, 866. Otherwise expressed, it is said that, when distinct and unconnected matters are joined against several defendants, it is not necessary that all the parties have an interest in all the matters in controversy, but each defendant must have an interest in some of them, and they are connected with the others. Truss v. Miller, supra; Treadaway v. Stansell, 203 Ala. 52, 82 So. 12; Bentley v. Barnes, 155 Ala. 659, 47 So. 159; Henry v. Ide, 208 Ala. 33, 93 So. 860; Ellis v. Vandegrift, 173 Ala. 142, 155, 55 So. 781; Webb v. Butler, 192 Ala. 287, 68 So. 369, Ann. Cas. 1916D, 815.

■■ It was said in our case of Roanoke Guano Co. v. Saunders, 173 Ala. 347, 355, 56 So. 198, 35 L. R. A. (N. S.) 491, by way of a differentiation, that, if the equity of a bill is dependent upon the prevention of a multiplicity of suits, there must be more than a community of interest in the question of law and fact, but there must be a community of interest in the subject-matter (So. Steel Co. v. Hopkins, 174 Ala. 465, 57 So. 11, 40 L. R. A. [N. S.] 464, Ann. Cas. 1914B, 692; Turner v. City of Mobile, 135 Ala. 73, 33 So. 132), but, if its equity rests upon some independent equitable remedy other than a multiplicity of suits, such as cancellation, discovery, accounting, or the like, community of interest in the subject-matter is not requisite, provided there is community of interest in the question of law and fact. That statement of the rule does not justify a joinder of the defendants in this case. There is no community of in-

terest in a question of fact, though there may be in the question of law. There are two transactions, and they relate to different machines, different occasions and places of their operation, and different ownership. In the cases last referred to above, each party had a separate claim occasioned by the same circumstances; each governed by the same principles of law and state of facts, involving only one transaction. No such situation is shown in this case.

Our judgment is that the demurrer on this ground should be sustained, and decree is here rendered accordingly.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.