188 So. 902

### LITTLETON et al. v. LITTLETON et al.

#### 5 Div. 277.

Supreme Court of Alabama.

April 20, 1939.

Rehearing Denied May 25, 1939.

Lawrence F. Gerald and J. B. Atkinson, both of Clanton, for appellants.

· Reynolds & Reynolds, of Clanton, for appellees.

GARDNER, Justice.

The appeal is from a decree overruling demurrer to the original bill as amended.

The only grounds of demurrer here argued relate to the question of multifariousness. We think they were properly overruled.

As often observed, no universal rule in regard to multifariousness is admitted to be established to cover all possible cases. The objection relates largely to a matter of discretion, and every case must in a measure be governed by what is convenient and equitable under its peculiar facts, subject to the recognized principles of equity jurisprudence. "It is, therefore, always proper to exercise this discretion in such a manner as to discourage future litigation and prevent multiplicity of suits, and never so as to do plain violence to

the maxim that 'courts of equity "delight to do justice, and not by halves." '" City of Marion v. Underwood, 231 Ala. 225, 164 So. 296; O'Neal v. Cooper, 191 Ala. 182, 67 So. 689.

It is not necessary that all parties to the bill should have an interest in all the matters in controversy, but it is sufficient if each defendant has an interest in some of the matters involved, and they are connected with the others. Henry v. Ide, 208 Ala. 33, 93 So. 860.

The purpose of the present bill is single—the reclamation of the estate of W. L. Littleton, deceased, for administration and distribution, somewhat akin to that considered in Hale v. Cox, 233 Ala. 573, 173 So. 82; Long v. Long, 195 Ala. 560, 70 So. 733, and Garrett v. First National Bank, 233 Ala. 467, 172 So. 611.

As to defendant S. W. Littleton, it is clear enough the objection of multifariousness is not well taken. He is charged with having taken advantage of the infirmities of age and physical and mental weakness of W. L. Littleton, and by undue influence having procured a deed to the latter's real estate, and a bill of sale to his personalty as well as the execution of a will, all a part of one transaction, and somewhat related to the charges involved in Pool v. Menefee, 205 Ala. 531, 88 So. 654.

Among the personalty alleged to have been acquired by defendant S. W. Littleton was a large sum of money, some of which was loaned by him to defendants L. H. Lowery and C. D. Collins, secured by notes and mortgages made to W. L. Littleton, each of which notes is past due and unpaid. The mortgages embraced real estate, and the bill seeks their collection by foreclosure.

These mortgagors likewise object to the bill as multifarious, and we are cited to Stamey v. Fortner, 230 Ala. 204, 160 So. 116, and Webb v. Butler, 192 Ala. 287, 68 So. 369, Ann.Cas.1916D, 815, to which may be added Lee v. City of Birmingham, 223 Ala. 196, 135 So. 314, as illustrative of cases wherein the objection is considered well taken. But each of these cases differs in all material respects from that here under consideration.

As previously observed, in the instant case the single purpose is the reclamation of the estate of W. L. Littleton, and we see no serious objection to having these mortgagors brought in and the matter of their indebtedness determined and collected as a part of the estate which is to be administered. The court looks to a complete and final settlement of the administration, and in one proceeding in so far as practicable. Irwin v. Reeves & Co., 222 Ala. 647, 133 So. 692; Wilkinson v. Wright, 228 Ala. 243, 153 So. 204. And from a practical standpoint we see no obstacle in the way of a full protection of the interest of these mortgagors, and a proper distribution as to the matter of costs involved in any controversy that may arise as to their indebtedness.

What has been said suffices to disclose our view that the objection of multifariousness is not well taken, and that the court committed no error in the ruling on demurrer. Let the decree stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.