26 So.2d 98

**ALLGOOD et al. v. BAINS et al.**

**6 Div. 415.**

Supreme Court of Alabama.

May 9, 1946.

J. T. Johnson of Oneonta, for appellees.

P. A. Nash, of Oneonta, for appellants.

LAWSON, Justice.

This is an appeal from a decree overruling demurrer to a bill in equity.

The bill was filed by J. E. Bains, as administrator of the estate of Stephen B. Allgood, deceased, and by Lucille Allgood Rule and Irene Allgood, the only heirs at law of the said Stephen B. Allgood. The respondents (appellants) are M. C. Allgood, who is a brother of Stephen B. Allgood, deceased, and Willie Fox Allgood, the wife of the said M. C. Allgood.

Complainants seek to have the administration of the estate of the said Stephen B. Allgood, deceased, transferred from the probate court of Blount County to the circuit court of said county, sitting in equity, and to reclaim certain assets of the estate.

Complainants aver that the said Stephen B. Allgood, at the time of his death in October of 1943, was indebted to one J. F. Stephens for board, laundry, clothing, nursing, medical treatment and medicine in a large sum of money, the exact amount not being known to them; that the said Stephens has filed a claim against the estate of the said Stephen B. Allgood in the amount of $3,000 or more; that the amount actually due the said Stephens has not been judicially determined by any court; that there is not sufficient personal property of said estate in the hands of the administrator or available to him to pay said indebtedness.

As to respondent M. C. Allgood, complainants seek: (1) Cancellation of a deed executed by the said Stephen B. Allgood in 1941, conveying certain real estate situated in Blount County to the said M. C. Allgood, on the ground that at the time the said deed was executed, Stephen B. Allgood was of unsound mind and did not have sufficient mental capacity to understand the nature and consequences of business transactions or on the alternative ground that the execution of said deed was procured by the exercise of undue influence over the mind of the said Stephen B. All-

good, by respondent M. C. Allgood, or by the respondent Willie Fox Allgood, or by the respondents jointly; (2) to have the said M. C. Allgood account for all monies received and paid out by him for the use and benefit of or as agent or trustee of the said Stephen B. Allgood, from the year 1925 to the time of the death of the said Stephen B. Allgood; (3) to secure a full and complete discovery and disclosure of all the property of every kind and character belonging to the said Stephen B. Allgood which the said M. C. Allgood received from the year 1925 to the date of the death of the said Stephen B. Allgood, including rents, money received from the Postal Department as pension, and money received from the New York Life Insurance Company.

As to respondent Willie Fox Allgood, the wife of respondent M. C. Allgood, complainants seek: (1) Cancellation of a deed executed by the said Stephen B. Allgood in 1938, conveying certain real estate, situated in the City of Oneonta, Blount County, Alabama, to the said Willie Fox Allgood, on the ground that at the time the said deed was executed Stephen B. Allgood was of unsound mind and did not have sufficient mental capacity to understand the nature and consequences of business transactions or on the alternative ground that the execution of said deed was procured by the exercise of undue influence over the mind of the said Stephen B. Allgood by respondent Willie Fox Allgood, or by her and respondent M. C. Allgood jointly; (2) to secure a full and complete discovery and disclosure of all the property belonging to the said Stephen B. Allgood which the said Willie Fox Allgood received from the year 1925 to the date of the death of the said Stephen B. Allgood, including rents, money received from the Postal Department as pension, and money received from the New York Life Insurance Company.

The respondents demurred to the bill, assigning twenty-five different grounds of demurrer. The demurrer was, "Now comes M. C. Allgood and Willie Fox Allgood, separately and severally, and separately and severally, demur to the bill of complaint and each paragraph thereof, separately and severally." This, of course,

was a demurrer to the bill as a whole, and not to any particular aspect of the bill. First National Bank of Birmingham v. Bonner, 243 Ala. 597, 11 So.2d 348; Dudley v. Martin et ux., 241 Ala. 435, 3 So2d 7; Abrams v. Abrams, 225 Ala. 622, 144 So. 828; National Union Fire Insurance Company v. Lassetter, 224 Ala. 649, 141 So. 645.

The grounds of demurrer taking the point that the circuit court of Blount County, sitting in equity, did not have jurisdiction in that the bill did not aver that either of the respondents was a resident of Blount County were properly overruled. The bill avers that all parties to the suit reside in the State of Alabama; that complainant J. E. Bains is the duly appointed and acting administrator of the estate of the deceased and resides in Oneonta, Alabama; that complainants Lucille Allgood Rule and Irene Allgood reside in Birmingham, Jefferson County, Alabama. There is no averment as to the county of residence of the respondents. However, the bill was filed in the circuit court of the county in which the administration of the estate of the said Stephen B. Allgood was pending and the county in which the lands involved were situated. § 294, Title 7, Code 1940, in directing the county in which bills in equity may be filed, among other things says: " * * * or if real estate be the subject-matter of the suit, whether it be the exclusive subject-matter of a suit or not, then in the county where the same, or a material portion thereof is situated." In the case of City Loan & Banking Company v. Poole, 149 Ala. 164, 168, 169, 43 So. 13, 14, it is said: "It is also insisted by counsel for appellant that the first ground of the demurrer should have been sustained, because the bill fails to aver the age and residence of the parties. * * * It is also the better practice to aver the residence of the parties, and it is sometimes necessary to do so in order to show jurisdiction; but in the case at bar it was unnecessary, as the averment that the land, the subject-matter of the suit, was located in Jefferson county, was sufficient. Section 676 of the Code of 1896. The other object to be obtained by averring the res-

idence of the parties is to expedite and designate service of process, and to secure costs in case the complainant is a nonresident. In the case at bar the complainant is a resident of Jefferson county, and the respondent made an unconditional appearance, thus doing away with any need of ascertaining its residence in order to get service." There is no question here involved of personal service, which question cannot be reached by demurrer, and the right to make such a claim is waived by the filing of a demurrer which is and must be on other grounds. Thompson v. Wilson, 224 Ala. 299, 140 So. 439; Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

The bill unquestionably has equity. The averments relating to the removal of the administration of the estate from the probate court to the equity court are sworn to, and are in compliance with the provisions of § 139, Title 13, Code of 1940. The complainants, as administrator of the estate and as distributees, have a right under said § 139, Title 13, supra, to have the administration of the estate removed from the probate court to the equity court without the assignment of any special equity. Kelen v. Brewer, 221 Ala. 445, 129 So. 23; Brizendine v. American Trust & Savings Bank et al., 211 Ala. 694, 101 So. 618. As before pointed out, the demurrer was addressed to the bill as a whole. That ground of the demurrer which takes the point that the bill is without equity was properly overruled. Dudley v. Martin et ux. supra.

There is a ground of demurrer taking the point that the averments of the bill are not sufficient to entitle the administrator to maintain a bill to cancel deeds to real property executed by the intestate for the reason that he has no estate or interest in the lands of the deceased. It was properly overruled. It is true that, in cases of intestacy, real assets pass, as at common law, to the heirs at law, at the instant of the death of the ancestor. But in a case such as this, where according to the averments of the bill, the personal property is insufficient to pay debts, it is the mandatory duty of the administrator to take such steps as are necessary to recover the real assets so that they may be applied to the pay-

ment of the decedent's debts. Burt et al. v. Brandon, 230 Ala. 85, 159 So. 691; Griffith v. Rudisill, 141 Ala. 200, 37 So. 83; Landford v. Dunklin & Reese, 71 Ala. 594; Boyte v. Perkins, 211 Ala. 130, 99 So. 652. The right of an administrator to maintain a bill in equity for the cancellation of a conveyance of lands of an intestate was specifically upheld in the case of Waddell, Adm'r v. Lanier et al., 62 Ala. 347, 348, 349, where it is said: "The personal assets of an estate, by operation of law, or the grant of administration, vest in the administrator, and if the conveyance is of personal property, he has the interest affected by it and title on which to seek relief against it. The statutes may not confer on him an estate or interest in the lands of the intestate, but they clothe him with an authority to rent and to obtain orders for the sale of them, to the exercise of which possession is necessary. The right of possession enables him to maintain ejectment or other appropriate action at law, for the recovery of possession when it is unlawfully withheld. Masterson v. Girard, 10 Ala. 60; Golding v. Golding, 24 Ala. 122; Russell v. Erwin, 41 Ala. 292. *The same right will enable him to maintain a bill in equity for a cancellation of a conveyance of the lands of the intestate obtained by fraud, the heirs being made parties.*" (Emphasis supplied.)

█ The averments of the bill as to the claim against the estate filed by J. F. Stephens and the insufficiency of the personal assets to pay the debt are sufficient to show such an interest in the administrator as to enable him to maintain the suit to cancel the conveyances. Certainly such averments need not be more detailed or specific than those required in a petition to sell lands for payments of debts. Smith v. Brannon, 99 Ala. 445, 12 So. 422.

█ A creditor is not a necessary party complainant in a bill of this character. 34 C.J.S., Executors and Administrators, § 561, p. 511.

█ The trial court properly overruled those grounds of demurrer taking the point that there is a misjoinder of parties complainant in that the interests of the administrator and of the heirs at law are antag-

onistic. The bill in the instant case seeks to reclaim the assets of the estate for administration and distribution. It is not a petition to sell the lands, but to divest the respondents from title thereto. That a petition to sell the lands may follow does not affect the nature of this bill. The rule stated in Kirkbride v. Kelly, 167 Ala. 570, 52 So. 660, that an administrator and an heir cannot join in a bill against other heirs to sell lands of an intestate to pay debts is not here applicable. This is a bill in equity respecting the lands of a person who died intestate and his heirs at law are necessary parties. Jacobs v. Murphy, 245 Ala. 260, 263, 16 So.2d 859; Carwile v. Crump, 165 Ala. 206, 51 So. 744. Under the averments of this bill no reason appears why the heirs could not join as complainants with the administrator. Their interests are not here shown to be antagonistic. The title to the lands is in the hands of strangers. The administrator is interested in having the lands being made available to him for the purpose of paying the debts of the decedent. The heirs are distributees and would be entitled to the proceeds received from the sale of the lands over and above the amount necessary to pay the decedent's debts. In other words, the administrator represents the interest of the estate, which includes the interests of the distributees, as well as that of the creditors. Burt et al. v. Brandon, supra; Boyte v. Perkins, supra.

█ The next question is whether or not the bill is multifarious. The mere fact that in addition to asking for a removal of the administration from the probate court to the equity court, the bill seeks the cancellation of conveyances, discovery and accounting, all in connection with the administration of the estate, does not render it multifarious. Baker v. Mitchell, 109 Ala. 490, 20 So. 40, 41; Dent et al. v. Foy et al., 204 Ala. 404, 85 So. 709; Dillard v. Gill, 231 Ala. 662, 166 So. 430; Littleton v. Littleton, 238 Ala. 40, 188 So. 902.

Appellants contend that the bill is multifarious and that there is a misjoinder of parties respondent in that it seeks to cancel and set aside two separate conveyances of distinct parcels of real estate made at different times to two distinct individuals.

In support of this contention appellants rely on the case of McClintock v. McEachin, 246 Ala. 412, 20 So.2d 711. But we do not think that case is here controlling for the reason that an administration of an estate was not involved and the bill in that case did not show that both of the respondents were connected with each of the transactions as is averred in the instant case.

The courts have found it difficult to give any distinct definition of multifariousness, and the cases so nearly approach each other that it is difficult to distinguish them. No universal rule in regard to multifariousness can be laid down to cover all possible cases. It is largely a matter of discretion, and every case must, in a measure, be controlled by what is convenient and equitable under its own particular facts, subject to the recognized principles of equity jurisprudence. Ford v. Borders, 200 Ala. 70, 75 So. 398; City of Carbon Hill et al. v. Merchants Bank & Trust Company, 237 Ala. 55, 185 So. 387. As was stated in Adams v. Jones, 68 Ala. 117, 119, "And it is always proper to exercise this discretion in such manner as to discourage future litigation about the same subject-matter, and prevent a multiplicity of suits, and never so as to do plain violence to the maxim that courts of equity 'delight to do justice, and not by halves.'"

Although the bill in the instant case not only seeks removal of the estate from probate court to the equity court, but also seeks to cancel the two conveyances and seeks accounting and discovery, it has but a single purpose, the administration and distribution of the estate of Stephen B. Allgood. To avoid conveyances executed under conditions such as are alleged in the bill and to seek an accounting and discovery of assets alleged to belong to the estate are but steps in the orderly administration of the estate, steps necessary to be taken in order that the power of the court having jurisdiction for the purpose of administration may be exerted to protect and enforce the rights of the claimant and the distributee. Baker v. Mitchell, supra; Littleton v. Littleton, supra.

The rule is well established that a bill is not multifarious which seeks to set aside separate alleged fraudulent conveyances, though they are not shown to have any connection with each other and were executed at different times and conveyed different property to different grantees, where the single purpose of the bill is to collect a debt alleged to be owed the complainant by a fraudulent grantor. Anderton v. Hiter, 238 Ala. 76, 188 So. 904; Lambert et al. v. Anderson, 224 Ala. 110, 139 So. 287; Wilson v. First National Bank of Gadsden, 209 Ala. 70, 95 So. 340. We think the rule above stated is here applicable where the purpose of the bill is single, the administration of the estate of Stephen B. Allgood.

It is also well established that it is not necessary that all parties to the bill should have an interest in all of the matters in controversy but it is sufficient if each defendant has an interest in some of the matters involved and they are connected with the others. Littleton v. Littleton, supra; Truss et al. v. Miller, 116 Ala. 494, 22 So. 863. In this case the respondents under the averments of the bill are connected with both conveyances sought to be cancelled and in connection with which an accounting and discovery is sought.

What has been said is sufficient to disclose our view that the objections of multifariousness and misjoinder of parties respondent are not well taken and that the court did not err in overruling the grounds of the demurrer taking those points.

The foregoing disposes of all questions presented here for review, and it results that the decree appealed from is due to be affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.