## FLORA v. MENNICE.

1. An administrator *ad colligendum*, is the mere agent, or officer of the court, and may be removed at any time, and an administrator in chief appointed.
2. A judgment of the orphans' court, dismissing a petition for the removal of an administrator, and the appointment of the petitioner in his stead, cannot be reviewed by an appellate court, unless the evidence offered to the court, or the right of the petitioner to the administration, be shown upon the record.

Writ of Error to the Orphans' Court of Sumter.

THE record presents the following statement of facts. The plaintiff in error was appointed by the orphans' court of Sumter county, administrator *ad colligendum*, of the goods that were of Nancy Flora, who in life was the plaintiff in error. It then shows, that citations, from time to time, were issued to him, requiring him to file an inventory of the estate, but were not served on him. At the April term of the orphans' court, these letters were revoked, and the defendant in error was appointed administrator in chief, of the estate of the decedent; after this, the plaintiff in error presented his petition, praying that he might be re-instated in the office of adminis-

trator *ad colligendum,* and the revocation of the letters grant-ed to the defendant.

At the October term, 1847, of said court, the following entry is made : " John A. Mennice, administrator of said estate, having been cited to appear at this term, and show cause why Benj. Flora, former administrator might not be reinstated, and having appeared after a hearing, the petitioner being present by his attorney, it is ordered, and adjudged, that said Mennice, be continued, and the petition be dismissed, at the cost of the petitioner, for which execution may issue—and the papers ordered to be filed, and recorded, except the answer of Mennice, which is excluded from the record, not being filed in time.

Hoit, for the plaintiff in error.

Reavis, contra.

DARGAN, J.—There is nothing whatever in the record, to show that the court erred in dismissing the petition. The petitioner had been appointed administrator *ad colligendum,* but the court could at any time appoint an administrator in chief, notwithstanding this grant of letters *ad colligendum.* An administrator *ad colligendum* is the mere agent, or officer of the court, to collect and preserve the goods of the deceased, until some one is clothed with authority to administer them ; and as such, cannot complain that another is appointed administrator in chief.

If the plaintiff in error was entitled to the administration in law, and if he was entitled to have the letters to Mennice revoked, it was necessary for him to show his right by proper evidence to the orphans' court ; and if the facts were shown, and the court in its judgment had erred, in order to revise that error, the testimony or facts presented to the court below, should have been made part of the record, by bill of exceptions ; and then the judgment of the court pronounced on these facts, would have enabled this court to determine, whether there was error or not. But merely presenting a pe-

tition to the court, and the recital that on the hearing the petition is dismissed, without showing what evidence was introduced, is not the ground of any error.

The judgment of the orphans' court, dismissing the petition is therefore affirmed.