# Gayle *v.* Johnson *et als.*

*Appeal from Final Settlement in Probate Court.*

1. *Costs improperly charged against estate.*—Costs and expenses incurred in propounding and establishing the probate of a will, by a person who is not therein named as executor, and upon whom is cast no legal or moral duty to establish the will, are not a proper charge against the estate; and when such costs and expenses are incurred by one of the distributees, by agreement with the others, and letters of administration are granted to him, the adjustment of the matter between them, according to the agreement, is not within the jurisdiction of the Probate Court on the settlement of the administrator's accounts.

2. *Title to lands descends to heirs and vests in them immediately upon the death of the person who is seized and possessed of a heritable estate therein.*—On the death of a person who is seized and possessed of a heritable estate in lands, the title at once descends and vests in his heirs or devisees, subject to the widow's rights of homestead and quarantine, and to the exercise by the administrator of the statutory powers conferred on him; and with the title the right of possession passes, and the right to the rents and profits accruing until they are intercepted by the administrator; nor can the administrator hold them responsible for the rents and profits thus received.

3. *Receiver holds for benefit of parties.*—A receiver, in a chancery suit, holds for the benefit of the parties pending the suit, and, on its termination, for the benefit of the party who is ascertained to be entitled to the fund or property; and while the rights of a stranger, intervening *pro interesse suo*, will be protected, they can not be enlarged by reason of the receivership.

4. *When receiver's possession is that of heirs.*—A receiver of the rents and profits of real estate being appointed, pending a suit between the heirs at law and the surviving husband of the decedent, to which the administrator was not a party; on the termination of the suit in favor of the heirs, the possession of the receiver is their possession, and the rents and profits received by him can not be claimed by an administrator subsequently appointed.

5. *When administrator is estopped.*—One of the heirs being appointed administrator, and the moneys in the hands of the receiver being paid over to him by order of the chancellor, under an agreement among the several heirs, to be used and applied in payment of certain specified claims; the administrator will be personally estopped from denying that he had received the moneys for the specified purposes, and the heirs from denying his right to appropriate them according to the terms of the agreement; but the administrator can not be charged, on settlement of his administration, with the moneys thus received, as assets of the estate.

APPEAL from Dallas Probate Court.

VOL. LXXX.

[Gayle v. Johnson et als.]

Heard before Hon. P. G. WOOD.

This was an appeal from the final settlement of Anna M. Gayle, as administratrix, with letters testamentary annexed, of the estate of Mary L. Gayle, deceased, had in the Probate Court of Dallas county; and arises out of certain rulings of said court, adverse to appellant, hereinafter stated.

The bill of exceptions shows that Mrs. Mary L. Gayle died about the 6th of October, 1871; that at the date of her death, and for some years afterwards, no will was produced, and letters of administration were regularly granted upon her estate. In the course of the administration, in the year 1876, it was agreed by the children of the decedent, that one of their number, Anna M. Gayle, the appellant, should institute proceedings to establish the lost will of their mother, they stipulating, in the event of success, to pay the expense of the proceeding. The will was established, and admitted to record in the Probate Court, in 1876; and, on appeal to this court, the decree was affirmed in 1878. Letters were issued to Anna M. Gayle in 1879. The property not administered, of Mrs. Gayle's estate, consisting exclusively of land, which belonged to her statutory separate estate, and which, by the will, was devised to her children. After her death, the husband of Mrs. Gayle was, in 1872, adjudged a bankrupt, and his supposed interest, purchased at the assignee's sale, by Conoly, who claimed the land, and accruing rents. Conoly was enjoined by bill in chancery, filed by the children of Mrs. Gayle, from taking possession and collecting the rents, and a receiver was appointed.

At the final settlement of the estate it was found that there was the sum of $822.81, remaining in the hands of the administratrix for distribution, or $164.56, for each of the five distributees. When the court was about to enter judgment against the administratrix for said sums, she moved the court that she be allowed to satisfy the shares of said distributees, by charging each distributee with his *pro rata* part of the expenses incurred at their instance, in establishing the will, which was shown to be $902. This motion was refused, and the administratrix excepted. The said administratrix further moved to amend her account by striking from the debit side thereof the item of $1,165.54, received by her, by decree of the Chancery Court, from the receiver in the Conoly suit, on the ground that said sum, being the rents of the land devised to the children of Mrs. Gayle, belonged to said devisees. To this motion some of the devisees consented, but the appellee William S. Johnson, objected. The motion was heard on evidence, and the court refused to grant it, and held that said administratrix was chargeable with said sum. To this ruling the administratrix excepted. Some of the devisees consented to have their dis-

tributive shares satisfied by their share of the expense of es-
tablishing the will; appellees objecting. There were other
rulings of the court excepted to by the administratrix not nec-
essary to be set out.

From the adverse rulings above stated this appeal is taken,
and the same are assigned as error.

BROOKS & ROY, for appellant.

SATTERFIELD & YOUNG, *contra.*

CLOPTON, J.—Whatever may be the privilege or duty of
one, named as executor in a paper purporting to be a last will
and testament, to propound it for probate, and to fix a charge
upon the estate for any reasonable costs and expenses incurred
in a *bona fide* effort to have the will established ; one, not stand-
ing in any relation, which makes it either a legal or moral duty
to the estate to establish the will, can not create a proper charge
upon it for costs and expenses thus incurred. A charge can
not be fixed upon an estate for costs and expenses incurred,
though in reference to its property, by one, upon whom neither
the law, nor the will, confers the privilege, or imposes a duty.
Administration, on the death of Mrs. Gayle, had been granted
in 1872, as if she had died intestate, no will having been found.
While the estate was in course of administration thus granted,
and several years after the grant, in October, 1876, an agree-
ment was entered into between the children of Mrs. Gayle,
that as the will of their mother could not be found, proceed-
ceedings should be instituted by the appellant in her name to
establish and have admitted to probate a copy of the will; the
children agreeing, in case of success, to pay a proportionate
share of the expense. Proceedings were accordingly instituted,
which resulted in the rendition of a decree by the Probate
Court in December, 1876, establishing the lost will and admit-
ting a copy of it to probate, which decree was, at the Decem-
ber term, 1878, affirmed by this court. The appellant was not
appointed administratrix until April, 1879. The evident pur-
pose of the agreement to institute such proceedings, was to de-
feat the claim of Conoly to the life interest, which the husband
of Mrs. Gayle would have had in her real estate, if she had died
intestate, and his consequent claim to the rents, that had ac-
crued in the hands of the receiver. The attorneys were em-
ployed by the children, no one of whom occupied any relation,
which made it a legal or moral duty to the estate to give effect
to the will. Under such circumstances, the expenses incurred
by them for that purpose must be regarded as incurred for
their personal benefit, and as constituting a personal charge on

them.   The settlement of the matter of the expenses between the children was without the jurisdiction of the Probate Court, and there is no error in disallowing the vouchers for such expenses.—*Henderson v. Simmons*, 33 Ala. 291.

The title to a heritable estate in lands descends *eo instanti*, and vests in the heir at law, on the death of the person seized with such estate, if there be no will giving it a different direction ; and if there be such will, then in the devisee.   With the title passes the right to the possession, and after accruing rents and profits, subject to the statutory powers of the personal representative. For the purposes of administration, and subject to homestead and quarantine rights, the personal representative may claim and take possession, let to rent, and receive accruing rents. Possession and control of the realty by the personal representative, suspends the right of the heir or devisee to possession, and the rights of action, which at common law descended with the land ; but to thus suspend the heir or devisee's rights, the personal representative must actually take possession, or assert his right, and follow it up with the means necessary to establish it.—*Calhoun v. Fletcher*, 63 Ala. 574. . The heir or devisee is entitled to the realty with all its incidents, until the personal representative exercises or asserts his statutory power, either to rent or sell.—*Masterson v. Girard's heirs*, 10 Ala. 60.   As between the personal representative and the heir or devisee, the latter is not responsible for rents received or collected before the statutory power is asserted ; for the reason, that he is in law the owner, and may receive and expend the usufruct, though the personal representative may intercept rents not actually received or collected.—*Chighizola v. Le Baron*, 21 Ala. 406; *Br. Bank at Mobile v. Fry*, 23 Ala. 770.

The land was the statutory separate estate of Mrs. Gayle. After her death, her husband, in 1872, was adjudicated a bankrupt ; and his supposed interest in the land was sold by the assignee in bankruptcy, and purchased by Conoly, who asserted his claim to the land and to the rents accruing thereafter. Thereupon, in September, 1873, a bill in equity was brought by the children, as heirs-at-law, to enjoin Conoly from setting up any claim to the land and from collecting the rents, and praying the appointment of a receiver, and that the possession of the land and rent notes be turned over to the receiver for their benefit.   A receiver was appointed by the court, with authority to take charge of the lands and receive the rents, who entered upon the discharge of his duties as such, and collected the rents for several years thereafter.   The personal representative was not a party to this suit, and no personal representative had ever taken possession or control of the land, or asserted the power to sell or rent, until the appellant, as administratrix,

took control after the rents had been paid by the receiver to her solicitor by order of the Chancery Court. After the lost will was finally established and admitted to probate, Conoly abandoned all claims to the lands and the rents, and the rents in the hands of the receiver, after deducting certain costs and charges, were paid to the solicitor of appellant under an order of the court made in October, 1879, on her application as administratrix.

A receiver is appointed for the benefit and on behalf of the parties in interest during the pendency of the suit; and on its termination, for the benefit of the party ascertained to have the right to the property or fund in controversy. Whilst a stranger, whose rights are affected, may apply to be heard *pro interesse suo*, and his rights will be protected from diminution by reason of the receivership, it does not operate to enlarge such rights. "He can not claim and derive from it a benefit to which he would not have been entitled, if there had not been a receiver appointed."—*Scott v. Ware*, 65 Ala. 174. The interposition of the court by the appointment of a receiver does not change the ultimate rights of the parties. When Conoly abandoned his claim and further litigation, the possession of the receiver was by relation the possession of the heirs during the pendency of his appointment, and was exclusive of the possession or control of the personal representative. The money received by him for rents was in law and for all legal purposes, the money of the heirs, the same as if the receiver had been appointed, and they had continued in possession collecting the rents.

It is insisted, however, that the order of the Chancery Court directing the money to be paid to the appellant as administratrix, is *res adjudicata*, as to ownership, and that the appellant is estopped from denying, that the rents are assets of the estate. The petition was filed by appellant under and in pursuance of an agreement between the children, that appellant should obtain the money in the hands of the receiver, for the purpose of compromising the Craig claim and of paying the attorney's fees and costs, for which the children were liable. The application and proceedings thereon were *ex parte*. No issue was made or question raised or determined between the children and the administratrix as to the ownership. The children asserted their right and ownership to the rents in directing, by whom they should be received and the manner of their application; and the appellant, by receiving them under and in pursuance of such agreement, recognized and acted in subordination to the rights of the children. The appellant may be individually estopped from denying, that she received them in her representative capacity, for the specified purposes, and the children es-

topped from denying the correctness of their application to the payment of the charges, which were fixed on them by their agreement and direction. Here the mutuality of the estoppel terminates, and the estoppel ceases. The application of the administratrix and the order of the chancellor, the children not having been made parties, would not, independent and exclusive of the previous agreement, estop the children from disputing her rights to the rents. It is manifestly unjust to charge the appellant with the amount of rents, and reject the vouchers evidencing its appropriation according to agreement.

Whilst we can not concur with appellant's counsel, that the order of the chancellor is *void*, we hold that it can not operate to convert the rents into *assets* of the estate, for which the personal representative is chargeable on her settlement, when in law and in fact they are not assets. A contrary ruling is inhibited by the statute, which declares, no executor or administrator is liable, except in a specified case not applicable here, beyond the amount of *assets* which have come to his hands, or which have been lost, destroyed, wasted, injured, depreciated, or not collected by want of diligence on his part, or by an abuse of his trust.—Code, § 2616. A decree against the personal representative, ascertaining the state of her accounts on settlement, is conclusive and binding on her sureties, as to all matters, not personal defenses; such as the *factum* of the bond.—*Martin v. Tally*, 72 Ala. 24. Receiving the rents, on such *ex parte* application, under such circumstances and for designated purposes, some of which are foreign to the due and legal administration of the estate, should not have any greater effect in estopping the administratrix from showing they are not legal assets, than if they had been received without an order of the court by her as administratrix, on a claim that they were assets. In *Smith's Heirs v. Smith's Adm'x*, 13 Ala. 329, it was said: "We assume it as a postulate, that if an administrator receives money or property belonging to the estate of his intestate, to which he is not entitled in his representative character, although he can not hold it against the party legally entitled, yet the Orphan's Court can not take it into the account, and render a decree against him therefor, on the settlement of the administration. A court of law, proceeding according to the ordinary forms, or a court of chancery, may hold him accountable and render complete justice." The effect of a decree against the appellant for rents, on her settlement, would be to fix not only on her individually, but also on her sureties, a charge, not authorized by law, which, in the absence of fraud or collusion, is conclusive on them. Of the agreement, and its performance or breach, the Probate Court had no jurisdiction; and although the administratrix charged herself with the money obtained from the

receiver, if she was not so chargeable, it was competent for her to show the fact, and thereupon it was the duty of the court to make the correction.—*Smith's Heirs v. Smith's Adm'x, supra.* The court should have striken from the account the charge for the money turned over by the receiver.

This conclusion renders unnecessary the consideration of the other questions presented in the argument of counsel.

Reversed and remanded.