(89 South. 603)

**ARENDALE et al. v. JOHNSON et al. (8 Div. 316.)**

(Supreme Court of Alabama. June 23, 1921.)

Executors and administrators ⚖══22(1)—Court may appoint persons named as executors as special administrators pending contest, in preference to next of kin.

Although Code 1907, §§ 2519, 2520, give the order of priority in which general letters of administration are granted, yet in a pending will contest the court need not appoint the next of kin special administrators under section 2526, but may appoint the persons named as executors.

Appeal from Probate Court, Jackson County; A. H. Moody, Judge.

Contest between E. W. Arendale and Sallie A. Johnson and M. L. Johnson and E. K. Mann as to the appointment of a special administrator. From a decree appointing M. L. Johnson and Mann, Arendale and Sallie A. Johnson appeal. Affirmed.

Pending the contest of the validity of what purported to be the will of J. F. Washington, and following a decree of the probate court establishing its validity, the probate judge appointed M. L. Johnson and E. K. Mann as special administrators of said Washington's estate, and at the same time refused to appoint E. W. Arendale and Sallie A. Johnson. Johnson and Mann were not related to said Washington, but were nominated in the will as executors. Arendale is a nephew and Sallie Johnson is the sister of the said Washington and are the two next of kin who would be entitled to share in the distribution of his estate in case of intestacy. It is not suggested in the record, and it does not appear, that said appellees, so appointed, are in any way unfit to discharge the duties of special administrator; but appellants contend that the statute gives as next of kin a mandatory preference in that regard and that, being willing and fit to serve, they were due to be appointed.

Cooper & Cooper, of Huntsville, C. C. Moore, of Chattanooga, Tenn., and John F. Proctor, of Scottsboro, for appellants.

Appellants were entitled to the appointment. Subdivision 2, section 2520, and section 2522, Code 1907; 176 Ala. 480, 58 South. 444; 56 Ala. 539; 23 C. J. 1033–1038; 186 Ala. 587, 65 South. 30; 144 La. 167, 80 South. 239.

Milo Moody and Bouldin & Wimberly, all of Scottsboro, for appellees.

The court properly appointed the special administrator. Section 2526, Code 1907; 23 C. J. 984, and 24 C. J. c. 20. All the Alabama authorities point out the fact that the statutory rules do not apply in the case of special administrators. 32 Ala. 570; 12 Ala. 836; 128 Ala. 416, 30 South. 881. See, also, 18 Cyc. 112, and authorities there cited.

SOMERVILLE, J. Section 2526 of the Code provides that—

"The judge of probate may, in any contest respecting the validity of a will, or for the purpose of collecting the goods of the deceased, or in any other case in which it is necessary, appoint a special administrator, authorizing the collection and preservation by him of the goods of the deceased until letters testamentary or of administration have been duly issued."

Section 2519 authorizes courts of probate, within their counties, to grant letters of administration on the estates of persons dying intestate; and section 2520 provides that the "administration of an intestate's estate must be granted to some one" of several classes of persons, in the order of priority in which they are named.

It is the contention of appellants that, the deceased having left no widow, they as next of kin are entitled to the same mandatory preference in the appointment of a special administrator under section 2526, as they would be in the grant of general letters of administration under sections 2519 and 2520.

This contention is manifestly unsound, and was properly rejected by the probate court in the exercise of its sound discretion in the premises—a discretion which does not appear to have been abused.

Under section 2526 there is a mere appointment by the probate judge, and not a grant of letters by the probate court, as under section 2519. A temporary administrator, or an administrator ad colligendum, as he is usually called, "is the mere agent, or officer of the court, to collect and preserve the goods of the deceased, until some one is clothed with authority to administer them." Flora v. Mennico, 12 Ala. 836. In that case it was expressly held that he could be removed at any time. Other than this preliminary duty of collection and preservation, he has nothing to do with the administration of the estate, as contemplated by sections 2519 and 2520. In discussing the several statutory provisions which regulate and control the grant of general letters of administration, including section 2520 (then section 1668 of the Code

---

of 1852), this court said, more than 60 years ago, that—

"It is hardly necessary to observe that the rules here stated do not apply to the special administrations provided for by section 1676 of the Code" (now section 2526 of the Code of 1907).

That statement was but a dictum, but it reflected the opinion of a very able bench, and has never been challenged so far as we are advised.

In 18 Cyc. 112, the rule is stated that—

"In the selection of a temporary or special administrator the surviving spouse, next of kin, legatees, and beneficiaries have as a rule no such absolute right to preference as in case of a general grant of letters; but the selection is rather controlled by the sound discretion of the court in view of the situation."

This text is supported by the cases cited.

We can discover nothing in the language of section 2526, or in the nature of the limited duties to be performed thereunder, which suggests that the temporary appointment therein provided for was intended to be subjected to the antecedent restrictions which in terms and in policy are applicable only to grants of general letters of administration.

Upon these considerations, the order of the probate judge was within his power and discretion, and must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.