## MITCHELL v. PARKER.

2 Div. 34.

Supreme Court of Alabama.

Nov. 23, 1933.

Rehearing Denied Jan. 18, 1934.

J. F. Aldridge, of Eutaw, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Jenkins Jackson and Patton & Patton, all of Livingston, for appellee.

FOSTER, Justice.

Appellant was named as executor in what purported to be the will of Agnes S. Parker, who died in November, 1930, leaving a substantial estate. He propounded the will for probate and in due time a contest was filed. He then applied for letters ad colligendum, which were issued to him upon the execution of a bond. The contest resulted against proponent, and was affirmed by this court. Mitchell v. Parker, 224 Ala. 149, 138 So. 832. He thereupon filed his accounts and vouchers for final settlement as such administrator ad colligendum. The court of probate allowed some of his claims for credit and disallowed others. He appealed to this court. His chief complaint is in the disallowance of counsel fees and court costs incurred and paid by him in the unsuccessful effort to probate the will.

Such special administrator must find his authority in the law which governs his situation and in the orders of the probate court. He is the agent or officer of the probate court. Flora v. Mennice, 12 Ala. 836. His authority as defined by section 5749, Code, is to collect and receive goods, chattels, and debts due the estate, secure and preserve them at such expense as may be deemed reasonable by the probate court. He has no authority to pay debts nor receive the presentation of claims. Erwin v. Branch Bank, 14 Ala. 307.

It is the duty of a special administrator to make final settlement and pay such fees to attorneys as are reasonable in the collection of the goods, chattels, and debts of deceased, and their preservation, and such as are found by the court reasonably proper in respect to the performance of his duties. He is also entitled to commissions. Wright v. Wilkerson, 41 Ala. 267.

It has been held that any proper cost or expense incurred by a trustee is a charge in his favor on the estate in his hands. Taylor v. Crook, 136 Ala. 354, 373, 34 So. 905, 96 Am. St. Rep. 26; Henderson v. Simmons, 33 Ala. 291, 70 Am. Dec. 590.

If the expense of an unsuccessful effort is such that it is a proper charge against the estate, its payment by the administrator ad colligendum is not the payment of a debt in such sort as he is prohibited from doing. When he makes his final settlement, he is due to have allowed such credit as is equitably due him. Why pay it to the administrator in chief, and then make claim for it if it is a proper charge and payable out of funds in his hands? The answer is found in the principle that the probate court administers such matters on equitable principles. McNeill v. McNeill, 36 Ala. 109, 76 Am. Dec. 320.

If the person named as executor acts in good faith in propounding the will for probate and in prosecuting it to a conclusion though a contest is filed, and though he is unsuccessful in his effort, and probate of the will is not effected, he may be allowed his reasonable expense in such contest unless the

court in its sound judicial discretion based upon the circumstances of the case, finds that it would be inequitable and unjust to allow it out of the estate. We think the best rule would be to impute good faith in the absence of a showing to the contrary. We also think that prima facie the person named as executor has the duty to prosecute the petition to probate against a contest. But that under some circumstances it may be unjust to require such expense to be paid out of the estate. We do not here undertake to lay down any definite rule in this respect, further than what we have here stated. The subject has been often considered by the courts, and they do not seem to agree upon any definite principle. See the cases cited in 69 A. L. R. 1052; 10 A. L. R. 783. See our cases on the general subject: Henderson v. Simmons, supra; Taylor v. Crook, supra; Raines v. Raines, 51 Ala. 237; Alexander v. Bates, 127 Ala. 328, 28 So. 415; Gayle v. Johnson, 80 Ala. 388; Elmore v. Cunninghame, 208 Ala. 15, 93 So. 814; Powell v. Labry, 210 Ala. 248, 97 So. 707; Harris v. Harris, 211 Ala. 144, 99 So. 913.

There is nothing to reflect upon the good faith of appellant in propounding the will and prosecuting it after contest, and no circumstances show that it would be unjust to allow the expense of doing so as a claim against the estate. There was no objection to the amount of such claims if they are legal. So that the attorneys' fee of $1,000, the stenographer's fee of $27.70, and postage $1.50 should have been allowed.

The taxation of the cost against plaintiff by the circuit court as authorized by section 10632 is for the purpose of securing their payment in that court, and is not a determination that when he pays such cost he should not have credit. But we think under the authority of the case of Bradley v. Andress, 30 Ala. 80, the amount so paid should be considered upon the same principle as other expenses, though taxed by the circuit court against him personally. So that the court costs of $117.53 in the circuit court and $14.75 in the Supreme Court should also be allowed.

The final decree of the probate court is therefore corrected so as to allow the administrator ad colligendum the items of credit we have enumerated, which, with items allowed by the probate court, aggregate $1,626.28, leaving a balance in his hands of $211.85 to be paid by him to the administrator in chief.

As thus corrected, the decree is affirmed. Costs are taxed against appellee.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.