12 So.2d 549
### LITTLE et al. v. GAVIN.
8 Div. 205.

Supreme Court of Alabama.
March 18, 1943.

158

J. Foy Guin, of Russellville, for appellants.

Key & Key, of Russellville, for appellee.

THOMAS, Justice.

The appeal is from the overruling of demurrers to the bill by a special administrator of the estate of Charles R. Burgess, deceased.

■ There are two appeals by separate parties challenging the action of the trial court in overruling respective demurrers to the bill of the special administrator, presented by one record, and will be considered together. Tennessee Coal, Iron & R. Co. v. Hartline, Ala.Sup., 11 So.2d 833.[1] This is in accord with the written agreement of counsel.

■ This case may be stated generally that said Burgess left an instrument in writing, claimed by the appellant Agnes B. Little to be his last will and testament. Under this will the entire estate would have gone to Agnes B. Little, a sister of decedent. Mrs. Little offered the will for

---

[1] Ante, p. 116.

160

probate, and a contest thereof was instituted by certain heirs of the deceased. This contest resulted in favor of the contestants and the same is reported as Little v. Sugg, 243 Ala. 196, 8 So.2d 866. This court has knowledge of the record on the former appeal, and it shows several parties (all the next of kin of said decedent Mr. Burgess), who are not made parties to the instant bill. The bill before us shows real and personal properties of decedent to be affected by its prayer.

Pending this contest, the Judge of Probate of Franklin County, Alabama, appointed Foster Gavin as special administrator of the estate. On proper petition by an heir at law of the deceased, the administration of the estate was removed to the Circuit Court in Equity of Franklin County. Ex parte Kelly, 243 Ala. 184, 8 So. 2d 855. Thereafter Gavin, as administrator filed the bill of complaint in this case for the purpose of reclaiming the estate of the decedent for administration, consisting of real and personal properties, and to recover certain items of such property which are claimed to be assets of the estate.

The bill asked for instructions of the court as to specific matters. It is asserted in brief of counsel that since the filing of the bill, the termination of the will contest, said Gavin has been duly appointed as administrator, instead of special administrator. This fact is not shown in the bill only in agreement of submission by counsel, submitting the two appeals on one record. However, we look to the record or any part thereof for the issues presented for decision. Cox v. Dunn, 243 Ala. 176, 9 So.2d 1, 3. This cause is now proceeding in the name of the special administrator duly appointed and qualified as provided by Code 1940, T. 61, § 120.

After the filing of the bill of complaint in this case, the respondents Mrs. Agnes B. Little and her son H. Fontaine Little, appellants here, filed numerous demurrers which were overruled by the court. From this ruling they separately prosecute appeals.

The bill, as appellants contend, joins several matters alleged to be connected with and material parts of the administration of the estate of Charles R. Burgess, deceased.

Is the bill multifarious? In the case of Baker v. Mitchell, 109 Ala. 490, 20 So. 40, 41, we find the following pertinent statement of law:

"Such bill may, without being multifarious, in addition to asking the removal of the administration, pray the action of the court in any matters related to the settlement and distribution of the estate, which is a single subject-matter of adjudication.

\* \* \* \* \*

"Another principle equally as well understood is, that the administration and settlement of a decedent's estate, is a single and continuous proceeding, and when removed into equity for one purpose, the court must proceed to a final and complete settlement of all matters involved, including those pending and unfinished at the time of its removal from the probate court; for there can be no splitting up of an administration, any more than of any other cause of action. 'It is one proceeding throughout, in a sense, and the court having paramount jurisdiction, must proceed to a final and complete settlement.' "

In the case of Littleton v. Littleton, 238 Ala. 40, 188 So. 902, where all the next of kin of decedent were made parties, it is declared:

That where the reclamation of decedent's estate was for administration and distribution, mortgagors to whom decedent had loaned money, alleged to have been procured from him by undue influence, could not object to the bill on the grounds of multifariousness. Of like import is the case of Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73, 77, where the court held: "It is said to be largely a matter of convenience, which influences an exercise of the discretion. 19 Amer.Jur. 196, section 254." The enlarged rule, touching § 6526, Code 1923, is contained in Code 1940, T. 7, Appendix, p. 1055.

We are of opinion that as the bill is filed, by a special administrator, under the statute it offends the rule of multifariousness.

In Dobson v. Neighbors, 228 Ala. 407, 153 So. 861, it was held that a special administrator may sue in a proper case, without making the next of kin parties, for the recovery of the personal assets of decedent's estate. It has long been recognized, when no special equity is averred, that the powers of a special administrator are defined by statute and limited to the

personal assets. Espalla v. Gottschalk, 95 Ala. 254, 10 So. 755 (in detinue). In Briarfield Iron Works Co. v. Foster, 54 Ala. 622, the bill by a special administrator, for the receiver of real and personal property of a corporation of which decedent was a stockholder and creditor, was denied. This was in the effort to invoke the exercise of the general powers of a chancery court to protect the properties, real and personal, made the subject of protection pendente lite. Henry v. Ide et al., 209 Ala. 367, 96 So. 698.

 Under the general rule, one who resorts to a court of equity must set up an equitable cause of action. Without such averments the statute limiting the powers of a special administrator obtains.

 The right of the special administrator to maintain the bill is dealt with by statute and decisions. Code 1940, T. 61, §§ 89 and 90, read as follows:

" § 89. The judge of probate may, in any contest respecting the validity of a will, or for the purpose of collecting the goods of a deceased, or in any other case in which it is necessary, appoint a special administrator, authorizing the collection and preservation by him of the goods of the deceased until letters testamentary or of administration have been duly issued.

"§ 90. Every such special administrator has authority to collect the goods and chattels of the estate, and debts of the deceased, give receipts for moneys collected, satisfy liens and mortgages paid to him, and to secure and preserve such goods and chattels at such expense as may be deemed reasonable by the probate court; *and for such purposes he may maintain suits as administrator.*" [Italics supplied.]

In Ex parte Kelly, 243 Ala. 184, 8 So.2d 855, 865, it is said: " * * * that the authority of the probate court, in the appointment of a special administrator, is fixed and limited by statute. It is only that the appointment is for special administrator for the *collection* and *preservation of* the *goods of* the *deceased, and not for the purpose of the administration of the estate.* (Code 1940, T. 61, § 89)." [Parenthesis supplied.]

 And in the Kelly case, supra, 243 Ala. 184, 8 So.2d 855, 865, of Code 1940, T. 61, § 90, it is declared:

"There is no authority in this statute for the special administrator to take any steps whatever with regard to the interest of the decedent in real estate. He has no authority to revoke a lease made by the decedent as was sought to be done in this case.

"It is established by this court in Arendale et al. v. Johnson et al., 206 Ala. 245, 89 So. 603, 604, that: 'A temporary administrator, or an administrator ad colligendum, as he is usually called, "is the mere agent, or officer of the court, to collect and preserve the goods of the deceased, until some one is clothed with authority to administer them." Flora v. Mennice, 12 Ala. 836. In that case it was expressly held that he could be removed at any time. Other than this preliminary duty of collection and preservation, he has nothing to do with the administration of the estate, as contemplated by sections 2519 and 2520 [Code 1940, Tit. 61, §§ 80, 81].'

"In Mitchell v. Parker, 227 Ala. 676, 151 So. 842, 843, the court said: 'Special' administrators must find their authority in the law which governs his situation and in the orders of the probate court. 'He is the agent or officer of the probate court. Flora v. Mennice, 12 Ala. 836. His authority as defined by section 5749, Code [Code 1940, Tit. 61, § 90], is to collect and receive goods, chattels, and debts due the estate, secure and preserve them at such expense as may be deemed reasonable by the probate court. He has no authority to pay debts nor receive the presentation of claims. Erwin v. Branch Bank, 14 Ala. 307.'

"The authority of the special administrator being fixed by statute, the same can neither be restricted nor enlarged by the court appointing him. Underhill v. Mobile Fire Department Ins. Co., 67 Ala. 45, 50. The law fixes the duty of the special administrator after the appointment and not the judge who makes the appointment. Wolffe v. Eberlein, 74 Ala. 99, 107, 49 Am.Rep. 809. A special administrator cannot pay debts of the estate nor is he liable to suit on a contract of the decedent. Erwin v. Branch Bank, 14 Ala. 307. *A general administrator's authority with reference to land of the decedent is limited as indicated by the statute to the sale of land for the payment of debts, equitable*

162

*division, etc., when duly invoked.* Blount County Bank v. Barnes, 218 Ala. 230, 118 So. 460.

"The special administrator is shown by the record in this case to have undertaken to assert authority that a general administrator does not possess as to leases made by decedent. The authorities say that a general administrator cannot assent to a rescission of a contract nor divest heirs of an interest in land. Matthews v. Dowling, 54 Ala. 202. It follows that if a general administrator cannot divest the interest of an heir in land (except as the statute indicates), he would have no authority to change that interest by revoking the leases entered into by decedent.

"The legislature has wisely omitted the power of disposition on the special administrator with reference to any interest in real property owned by the decedent and leased by that owner. * * *"

The title to the real property on the death of the decedent was in the next of kin, subject to be divested by the administrator, as the law provides. Blount County Bank v. Barnes, 218 Ala. 230, 118 So. 460; Code 1940, T. 61, §§ 243, 244, 245. The procedure in equity is subject to statutory regulation. Dent v. Foy et al., 206 Ala. 454, 90 So. 317; Hardwick v. Hardwick, 164 Ala. 390, 51 So. 389; 7 Ency. Digest, p. 88, § 102[1], p. 89, § 102[3].

The bill sought to be maintained by the special administrator was subject to demurrer by reason of its deficiency in dealing with the real estate, which, on the death of the ancestor, was vested in the heirs, who are not made parties to this bill. Hence the demurrer for nonjoinder of necessary parties was well taken.

The demurrer that the bill does not show a sufficient interest in the complainants' special administrator to enable him to sue for the recovery of lands is well taken. There is no equity in the bill.

The appropriate grounds of demurrer to the bill sought to be maintained are well taken as to both appeals.

The costs are taxed against the complainant-appellee in both appeals.

Reversed and remanded in both appeals.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

