49 So.2d 787

**ARNOLD v. GARRISON et al.**
6 Div. 30.

Supreme Court of Alabama.
Dec. 21, 1950.

Chas. W. Greer and W. D. McArthur, of Birmingham, for appellant.

12

Amzi G. Barber, of Birmingham, for appellees.

SIMPSON, Justice.

This is an appeal from a decree sustaining the demurrer to a bill in equity which sought to set aside as void a final decree of the probate court allowing commissions to the administrator ad colligendum and an attorney's fee to his attorney on final settlement of his administration of the estate, wherein the complainant (appellant) was the succeeding administrator ad colligendum and is now the executrix.

The decree assailed is as follows: "It is therefore ordered, adjudged and decreed by the Court that said account be and the same is hereby passed and allowed and ordered to be recorded and that Amzi G. Barber and Robert C. Garrison each *have and recover of said Lillie Belle Arnold, as Administratrix ad Colligendum,* the sum of $500.00, found to be due them as above stated, and that she pay the court costs accrued to date, in the sum of $17.75, out of the funds of the estate in her hands as Administratrix ad Colligendum, *for all of which execution may issue and from the operation and effect of this decree there can be no claim of exemption as to personal property asserted.*" (Emphasis ours.)

It appears from the bill that appellee Garrison was the first administrator ad colligendum and on his removal appellant, Arnold, succeeded him as administrator ad colligendum, and later after a contest of the will of the decedent had been disposed of and the will admitted to probate, appellant was appointed executrix and filed the bill.

The irregularity which it is contended makes the judgment void and gives equity jurisdiction to relieve against it is the italicized portion above, which purports to render a money judgment against the administrator ad colligendum, with the right to have execution issued, etc.

There is no doubt that the probate court had jurisdiction of the parties and the subject matter, Code 1940, Title 61, § 90, and was authorized to make an allowance to the special administrator for his commissions and for such fees to his attorney as were reasonable. Mitchell v. Parker, 227 Ala. 676, 151 So. 842(3).

The merits vel non, therefore, of the awards cannot be questioned in this collateral proceeding (31 Am.Jur. 175, § 576), but could only be tested in a direct proceeding. Code 1940, Title 7, § 776; Supplement, Title 62, § 181(5).

We agree that there was no authority to render a judgment or decree which fixed a money judgment against such special administrator. The authority of the special administrator is defined by the statute; he is but an agent or officer of the court to do the things authorized by the statute, viz., to collect, preserve, etc. the assets of the estate at such expense as may be deemed reasonable by the court; he has no authority to pay debts or receive the presentation of claims or to be rendered liable to suits on contracts of the decedent. Little v. Gavin, 244 Ala. 156(16), 12 So.2d 549; Mitchell v. Parker, supra.

The logical result, then, is that if he has no authority to pay debts and cannot be made liable for debts, no judgment for any debt can be rendered against him. That portion of the decree above, therefore, which purports to render such a judgment is, of course, void.

But that does not mean that equity would be free to relieve against it. The invalidity is apparent on the face of the decree and the court which rendered it has the power and duty on motion to vacate

or expunge that portion of it. Such a status does not confer jurisdiction on a court of equity to do so. Murphree v. International Shoe Co., 246 Ala. 384(5), 20 So.2d 782(5), and cases cited; Shade v. Shade, 252 Ala. 134, 39 So.2d 785.

The decree, therefore, sustaining the demurrer to the bill was well founded.

We deem it not inappropriate to observe that though that part of the decree which attempts to render a money judgment in the cause against the administrator ad colligendum was of no effect and might be ordered expunged on proper motion in the probate court, the decree was none the less an allowance of commissions due the outgoing administrator ad colligendum and attorney's fee to his attorney and a fixation of the amounts; and these commissions constitute a prior claim on the assets of the estate, 34 C.J.S., Executors and Administrators, § 859, p. 1013, as likewise does the attorney's fee allowed by the court, since under the statute the attorney's fees in such an administration, when allowed, are considered a part of the costs and are collected as such. Code 1940, Title 46, § 63; Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60; Wilkinson v. McCall, 247 Ala. 225, 23 So.2d 577; Penney v. Pritchard & McCall, 255 Ala. 13, 49 So.2d 782; Brown v. Olsson et al., 254 Ala. 695, 49 So.2d 564.

Affirmed.

BROWN, FOSTER, and LIVINGSTON, JJ., concur.