MADDOX, Justice.
The circuit court appointed an administrator ad colligendum of an estate and empowered him to sell real and personal property. Appellant Marguerite W. Ward claims this was erroneous and raises the following issues:
(1) Whether an administrator ad colligen-dum has the authority to administer the estate of a decedent; (2) whether an administrator ad colligendum has the authority to pay the debts of a decedent; (3) whether an administrator ad colligendum has the authority to disburse the personalty of a decedent; (4) whether an administrator ad colli-gendum has the authority to dispose of the realty of a decedent; (5) whether an administrator ad colligendum has the authority to sell the personalty of a decedent; (6) whether the judge appointing an administrator ad colligendum can expand the authority of a special administrator beyond the statutory authority fixed by law.
Appellee, Thomas F. Seale, who was appointed administrator ad colligendum, counters that appellant confuses the authority of a Special Administrator acting under an appointment by the Probate Court and a Special Administrator acting under the authority of a decree of the Circuit Court. He argues:
“ * * * The Judge of Probate is limited by statutory provisions. The Judge of a Circuit Court is specifically authorized by statutes in the exercise of such jurisdiction to use its discretion, and proceed according to its own rules and practice without regard to any statutory requirements provided for the administration of Estates in the Probate Court.”
The Special Administrator claims that Title 13, § 138, Code, 1940 (Recompiled, 1958), provides that in the circuit court the court may “proceed according to its own rules and practice, without regard to any of the statutory requirements provided for administration of estates in the probate court .” We agree that the circuit court is not circumscribed by all the statutory procedural rules, applicable in the probate court, but the quoted statute does not affect substantive law as established by statute and decision. Castleberry v. Hollingsworth, 215 Ala. 445, 111 So. 35 (1927). In short, Title 13, § 138, Code, 1940, does not change the substantive law of this state that an administrator ad colligendum is a mere agent, or officer of the court, to collect and preserve the goods of the deceased, until someone is clothed with authority to administer them. Arendale v. Johnson, 206 Ala. 245, 89 So. 603 (1921); Ex parte Garrison, 260 Ala. 379, 71 So.2d 33 (1954); Erwin, Adm'x v. Br. Bank at Mobile, 14 Ala. 307 (1848). Consequently, the judgment of the circuit court which authorized the administrator ad colligendum to exercise powers of administration is erroneous and is due to be reversed.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, SHORES and BEATTY, JJ., concur.