HOUSTON, Justice.
Virginia Creary Smith died on December 9, 1985. The following day Virginia Smith Snider and Edwin K. Smith III, the grandchildren of the decedent by a deceased son (hereinafter “the grandchildren”), successfully petitioned the Probate Court of Mobile County to appoint AmSouth Bank, N.A., as special administrator of the decedent’s estate, pursuant to § 48-2-47, Code 1975. On December 27, 1985, Warren C. Smith, the son of the decedent, petitioned the court to admit the decedent’s will to probate and issue letters testamentary to him as the executor named in the will. Following a hearing on February 19, 1986, the court admitted the will to probate. However, in response to a motion filed by the grandchildren, the court stayed the issuance of letters testamentary and allowed AmSouth to continue as special administrator pending a contest of the will that had been filed by the grandchildren in circuit court immediately after the will was admitted to probate. Smith appeals. We affirm.
The sole issue in this case is whether the probate court had the authority to stay the issuance of letters testamentary and allow AmSouth to continue as special administrator pending the contest of the will that was filed in circuit court pursuant to § 43-8-199, Code 1975 (dealing with the contest of a will in circuit court after its admission to probate).
Relying on Kidd v. Bates, 120 Ala. 79, 23 So. 735 (1898), Griffin v. Irwin, 246 Ala. 631, 21 So.2d 668 (1945), and Smith v. Rice, 265 Ala. 236, 90 So.2d 262 (1956), Smith argues that because none of the grounds for disqualification under § 43-2-22, Code 1975, was alleged, the probate court was required to appoint him as executor immediately upon the admission of the will to probate. We disagree.
The cases relied upon by Smith do stand for the proposition that a probate court cannot disqualify an applicant for letters testamentary, such as Smith, except for one of the causes enumerated in the statute. However, in the present case the grandchildren sought only to temporarily stay Smith’s appointment as executor until the validity of the will was determined. They did not seek to have him disqualified; therefore, the cases relied upon by Smith are not controlling.
Section 43-2-20, Code 1975, reads as follows:
“Whenever a will has been admitted to probate in this state, the judge of the court in which the will was probated may issue letters testamentary, according to the provisions of this article [Art. 2], to the persons named as the executors in such will, if they are fit persons to serve as such.” (Emphasis added.)
Section 43-2-47, supra, also found in Art. 2, in pertinent part provides:
“(a) The judge of probate may, in any contest respecting the validity of a will, or for the purpose of collecting the goods of a deceased, or in any other case in which it is necessary, appoint a special administrator, authorizing the collection and preservation by him of the goods of the deceased until letters testamentary or of administration have been duly issued.” (Emphasis added.)
These sections confer upon a probate court the discretionary authority to appoint a special administrator pending the contest of a will filed prior to the issuance of letters testamentary.
Smith insists that the “contest” referred to in § 43-2-47, supra, relates to one filed in probate court pursuant to § 43-8-190, Code 1975 (dealing with the contest of a will in probate court prior to its admission to probate). However, we do not read § 43-2-47 to be so limited in its application. That section clearly states that a special administrator may be appointed in “any contest respecting the validity of a will.” (Emphasis added.) No distinction is made between a contest filed in probate court and one filed in circuit court. By enacting sections 43-2-20 and 43-2-47, the legisla *486 ture intended for the probate courts of this state to have the discretionary authority to appoint a special administrator, under certain circumstances, prior to issuing letters testamentary. One of those circumstances is when the validity of a will is contested. This is so even when the executor named in the will is not subject to disqualification under § 43-2-22, supra.
Finally, Smith argues that as special administrator AmSouth lacks the authority to perform certain essential duties, such as paying estate taxes and, therefore, cannot protect fully the assets of the estate. It is true that a special administrator’s authority is limited. In Mitchell v. Parker, 227 Ala. 676, at 677, 151 So. 842 (1933), the Court stated:
“Such special administrator must find his authority in the law which governs his situation and in the orders of the probate court. He is the agent or officer of the probate court. [Citation omitted.] His authority as defined by section [43-2-47], Code, is to collect and receive goods, chattels, and debts due the estate, secure and preserve them at such expense as may be deemed reasonable, by the probate court. He has no authority to pay debts nor receive the presentation of claims. [Citation omitted.]”
Likewise, no authority is conferred upon a special administrator in § 43-2-47 to take any action with regard to the decedent’s interest in realty. See Little v. Gavin, 244 Ala. 156, 12 So.2d 549 (1943). Other than the preliminary duty of collection and preservation, a special administrator has nothing to do with the administration of the estate, as contemplated by §§ 43-2-40 and 43-2-42, Code 1975. Little v. Gavin, supra. Notwithstanding these limitations, it would appear that a special administrator does have sufficient means available to protect the assets of the estate until letters testamentary are issued. Even though AmSouth cannot pay the debts of the estate, estate taxes are certainly within the realm of reasonable expenditures, as determined by the probate court, that are necessary for the preservation of the estate. See § 43-2-47(b) (“Every such special administrator has authority to collect the goods and chattels of the estate ... and to secure and preserve such goods and chattels at such expense as may be deemed reasonable by the probate court”).
We find no abuse of discretion on the part of the probate court in allowing AmSouth to continue as special administrator pending the contest of the decedent’s will in circuit court. Consequently, the order of the probate court staying the issuance of letters testamentary is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, AL-MON and BEATTY, JJ., concur.